No. 9168.

MARIE L. BUDD ET AL. VS. JAMES D. HOUSTON, TAX COLLECTOR, ET AL.

Though the State cannot be sued in a State court, yet where an adjudication of immovable property at a tax sale has been made to the State, in a suit against the tax collector making the sale, and the recorder of mortgages who had recorded the assignment alleged to be void, and the register of conveyances charged with the duty of recording the tax title, brought by the original owners in possession, the proceedings connected with the sales from the assessment to the sale may be reviewed by the court and judgment rendered maintaining or annulling the sale and ordering the erasure of the inscriptions.

The State may not be concluded by an adverse judgment in the premises from asserting her rights to the property in a diret action or other proper proceeding.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*B. R. Forman* for Plaintiffs and Appellants.

*Blanc & Butler* for Defendants and Appellees.

The opinion of the Court was delivered by

TODD, J.    The plaintiffs allege in substance that they are the owners of certain property in the city of New Orleans, described in their petition; that said property has been illegally sold at a tax sale and adjudicated to the State in 1875, and had again been exposed to sale in 1883 for taxes and a second time adjudicated to the State.

The nullity of said sales and adjudications is averred on account of radical defects in the proceedings unnecessary to mention specifically.

It is further alleged that these sales, though null, cast a cloud on the title of the petitioners to the property, and the tax collector, J. D. Houston, by whom the last adjudication was made, was sought to be restrained by an injunction from recording any conveyance of the property under such adjudication, and he, and the recorder of conveyances, and the recorder of mortgages, and the city of New Orleans, were cited

as defendants; and it was prayed that said sales and adjudications be declared null and their registry be forbidden and erased if already made, etc.

James D. Houston, the tax collector, appeared and filed an exception, to the effect that the court was "without jurisdiction to hear and determine the validity of the title of the State to the property in the absence of consent on the part of the State."

This exception was sustained and the suit with respect to Houston, tax collector, was dismissed, and from this judgment this appeal is taken.

The evident meaning of the exception is, that this is a suit against the State, and that the State cannot be sued without her consent.

The State is not sued in this case, though it is asked that the Attorney General be notified of the proceeding; but no appearance has been entered for the State and no claim set up by the State herein to the property in question. The State may have an interest in the suit, as it was doubtless under the authority of the State that the tax collector proceeded in making the sale complained of. The State, however, is no party directly to the suit.

The question then arises, whether a suit of this character can be brought against the officer or officers whose acts are charged to be illegal and enquiry made into the alleged irregularities of their proceedings, and the same judicially determined, where the State is no party to the suit, although the State apparently may be interested therein.

It is well settled that where an officer is proceeding to collect a State tax illegally, either on account of a void assessment or irregularity in the mode of collecting, or for other cause, though the State is interested in such proceeding and the officer is acting under the direct authority from the State, that the proceedings may be arrested by injunction in a suit against the officer alone. Blackwell on Tax Titles, p. 553 et seq.

It seems equally clear that where the sale has been consummated and the property has been adjudicated to the State, but the tax collector has not registered the sale, that the owner may enjoin the officer from registering the sale to prevent a cloud being cast on his title by such registry.

We think the doctrine may be extended further, and that, even where the adjudication has been made to the State and the sale recorded, that judicial inquiry may be made into the character of the proceedings in a suit against the officers whose acts are complained of and the nullities charged, if they exist, declared and the proceedings annulled and set aside.

The true doctrine, as we gather from frequent adjudications, seems to be that although a State cannot be sued without her consent, yet an action can be maintained against individuals without such consent, though the judgment rendered in such case may involve the right or title of the State to property held by such persons as the State's agents, and the existence and evidence of such title depend on the acts or proceedings of such persons acting as officers of the State.

This whole question has been recently thoroughly considered and discussed in the celebrated case of the United States vs. Lee, 107 U. S. 196, being an action to recover the Arlington estate, which had been sold at tax sale and bought at such sale by the United States, and the suit was instituted against the custodians of the property. In that case all the authorities and decisions bearing on this important question were critically reviewed, and judgment rendered annulling the tax sale, evicting of those in charge of the property and restoring the original owner to the possession of the same. It was therein announced that the principle on which that decision rested was equally applicable to each of the States, where the title of a State to property might be involved. See also Miegs vs. McClung, 9 Cranch, 11; Osborne vs. Bank, 9 Wheaton, 738; Grisar vs. McDowell, 6 Wall. 363; Brown vs. Huger, 21 Howard, 305.

It is, however, urged that the instant case differs from that of United States vs. Lee and other cases above cited, in this respect: that the persons made defendants in these cases were in the actual possession of the property, although holding for the government; whereas, in this case, the parties against whom the suit is directed are not in possession.

We do not think that this distinction or difference is material. In those cases, as stated, the parties sued were but custodians or occupants of the property for the government, which claimed title to the property, and therefore but nominal defendants. Yet the entire proceedings, upon which the claim of the government was founded, were reviewed by the court and declared void, and the title under them pronounced a nullity, the keepers in charge evicted, and the original or true owners put in possession.

We think these cases are even stronger in favor of the principle in question than a case like the present one, where the original owners have never been divested of possession by the State, and where, being in possession, they are but seeking to remove a cloud on their title, resulting from the acts of persons deriving their authority from the State.

It is charged here that this cloud is produced by the registry of a void assessment by the recorder of mortgages, by the several illegal adjudications and the threatened registry of the same, and the Court is asked to review these alleged illegal tax proceedings and acts of these several officers, and if the complaint of the petitioners is well founded, to apply the corrective and declare the acts null.

We are satisfied that under the precedents cited the court is authorized to do so. We are not called on to determine now what effect such action on the part of the court may have on the right or title of the State under these adjudications, or whether the right or claim of the State may be concluded or even prejudiced thereby. That is a matter to be determined should the State, disregarding the proceeding and judgment against these officers or individuals, assert her title to the property by a direct action or otherwise.

In conclusion, it seems to us if the State can take the property of one of her citizens without warrant of law or under proceedings that are absolutely null, according to the allegations in this case—which allegations, for the purpose of the exception, we must assume to be true—and that the party thus despoiled is precluded from making any complaint or having his grievance settled, on the technical plea that the State cannot be sued and is thus absolutely without a remedy for the wrong suffered, then the solemn guarantee in the Constitution of the United States and of the several States, that no person shall be deprived of his property without due process of law, and that the same shall not be taken for public use without due compensation, would prove to be the veriest mockery. Constitution of the U. S. art. 5 of Amendments; Const. of La. art. 156.

The doctrine of the immunity of a State from suit is derived from that principle of the English law formulated into a maxim, " that the king cannot be sued in his own courts ;" but the principle has not been rigidly and technically applied in American jurisprudence, though never literally controverted. Even in England, however, it is no longer a truism that the "king cannot be sued," for there, at the present time, the proceeding known as the "petition of right" affords a subtle method by which, as in other instances, crude aphorisms adopted in the early dawn of British civilization, and standing out as so many legal hydras in the way of justice, may be circumvented. And now, by means of this process, the sovereign may be reached and the property rights of the crown be made the subjects of judicial inquiry and determination.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed; that the exception filed by J. D. Houston, tax collector, be overruled and the cause remanded to the lower court, to be proceeded with according to law, at the cost of the appellee.

Judgment reversed.