No. 9283.

## M. ABASCAL ET AL. VS. P. L. BOUNY ET AL.

The fifth municipal district of New Orleans, known as Algiers, being included in the levee system specially created for New Orleans by law, could not be legally included in the third levee district of the State.

Hence said district is not liable to the special levee tax levied under the authority of said third levee district.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*A. J. Lewis* and *B. R. Forman* for Plaintiffs and Appellants.

*John McEnery* and *W. B. Sommerville* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiffs and intervenors, residents and tax-payers of the fifth municipal district of New Orleans, commonly known as Algiers, resist the collection of a tax of five mills levied on their property for each of the years 1880, 1881, 1882 and 1883, by the third levee district of the State, on the ground mainly that said district being a portion of the city of New Orleans, the property therein situated is not liable to taxation for levee purposes by any other authority but the council of said city.

Under the provisions of Act No. 7 of 1870, the suburban town of Algiers was incorporated into the city of New Orleans and became the fifth municipal district of said city.

By paragraph 2 of Section 12 of said act, the city council of New Orleans was specially empowered * * * to regulate the proportion and to make and repair all common sewers, drains, canals, public roads, levees, dykes, causeways and bridges, notwithstanding any superin-

tendence which might be set up by any corporation or individual over such works." * *

Under the effect of this legislation, the territory comprising Algiers became a part of the levee system to be established and controlled by the city of New Orleans, and all authority previously lodged in any other corporation or system over the levees of that territory was recalled and effectually abolished. Now under the provisions of Act No. 33 of 1879, the right bank of the parish of Orleans, including the fifth municipal district of New Orleans, was incorporated into the third levee district; and that act is the authority invoked for the levy and collection of the special tax herein resisted.

While it is true that Act 33 of 1879 contains the usual repealing clause, it cannot be claimed, and it is not even pretended, that it could, or purported to, repeal that portion of the Act of 1870, which incorporated Algiers into the city of New Orleans. No such intention was included in its title as one of the objects of the act.

It therefore appears from the record that after the Act of 1879 the city of Algiers continued, in fact, as it remained legally, a portion of the city of New Orleans, and was thus subject to the levee system created and controlled by said city, and liable to the payment of all taxes levied by and under the authority of said city.

Hence it results that under the practical operation of the Act of 1879, the fifth municipal district of New Orleans, which pays the State tax of six mills and the municipal tax of New Orleans of twenty mills, is required, in addition, to pay a special levee tax of five mills, enacted by the third levee district, making an aggregate of thirty-one mills, while all other portions of the city of New Orleans are only taxed twenty six mills.

Again, as a part of the levee district, that municipal district is subject to a tax amounting, as stated, to thirty-one mills, while all other portions of the same district cannot be taxed an excess of twenty-one mills, composed of the State tax of six mills, the parish tax of ten mills, and the special levee tax of five mills.

It therefore follows that, viewed either as a part of the city of New Orleans or as a component part of the third levee district, the fifth municipal district is subject to a tax in excess of that levied against all other portions of the territory of which it forms a part.

Hence, it is safe to conclude that the tax thus levied and sought to be enforced is not uniform, and that it is amenable to objection under

the provisions of Art. 118 of the Constitution of 1868, and of Art. 203 of the present Constitution, treating of the uniformity of taxation.

That reasoning applies to the tax of the years 1880, 1881 and 1882.

The tax claimed for the year 1883 is in addition stricken with nullity by the provisions of Act No. 20 of 1882, which is the present charter of the city of New Orleans. Section 7 of that act clothes the council of that city with full power to maintain levees, dykes, and to protect the city from overflow. Section 24 provides that the commissioner of public works shall have general charge and superintendence of all matters relating to levees.

Now, under that act, the city of Algiers is still retained as the fifth municipal district of New Orleans; and it therefore follows that the control over levees therein conferred on the city of New Orleans excludes the power to exercise control over the same subject from any and all other corporation or State functionary. Hence, it is undeniable that, under the effect of the repealing clause (Section 78) of the Act of 1882, all provisions in the Act of 1879 which subject the city of Algiers, as a part of the right bank of the parish of Orleans, to the control of the third levee district, are in terms repealed by the latter legislation. And under its effect disappears the power of said levee district to legally levy a tax on property situated within the fifth municipal district of New Orleans.

From these considerations it seems impossible to reach any other conclusion but that plaintiffs and intervenors are clearly entitled to the relief which they claim, and that there is error in the judgment which denied it to them.

The judgment appealed from is therefore annulled, avoided and reversed. It is now ordered that there be judgment in favor of plaintiffs and intervenors perpetuating the injunction granted in limine, decreeing the special levee tax claimed of them under authority of the third levee district illegal, null and void, ordering the cancellation of the mortgage resulting from the inscription of said taxes for the years 1880, 1881, 1882 and 1883, and allowing them their costs in both courts.

Mr. Justice Todd concurs in that part of the decree which annuls the tax claimed for the year 1883, and dissents in all other particulars.

Mr. Justice Fenner dissents entirely from the opinion and decree.