## No. 9618.

HENRY CHARNOCK VS. FORDOCHE AND GROSSE–TÊTE SPECIAL LEVEE DISTRICT COMPANY.

Acts No. 78 of 1876 and 46 of 1877, creating the Fordoche and Grosse-Tête Levee District for the purpose of constructing and maintaining certain special levees and authorizing the levy of a contribution upon the lands protected thereby, are not inconsistent with the Articles of the Constitution of 1879 on the subject of taxation.

Such local assessments for public works, levied not on taxable property generally for mere common public benefit, but only on particular property specially benefited by the works, as an equivalent for the direct benefit conferred, are not considered as taxes within the meaning of constitutional restrictions on the power of taxation.

APPEAL from the Fifteenth District Court, Parish of Pointe Coupée. *Yoist*, J.

---

*Olivier O. Provosty*, for Plaintiff and Appellant:

1. Acts 78 of 1876, and 46 of 1877, create a special levee district, and authorize the levy of a specific tax per acre on the lands protected by the levee of the district.

2. It is not deniable that said tax is a local assessment levied for the benefit of the locality affected; nor is it deniable that such assessments are not as a general rule embraced within the meaning of the provisions of State constitutions on the subject of taxation.

3. But the authority to levy said local assessment must be referred to some one of the known powers of the Legislature, by which private property may be taken for public use. These known powers are, the eminent domain, the police power and the taxing power. Any power outside of these exercised by the Legislature in the taking of private property is vagrant power, or, in other words, unconstitutional power. Dill. Mun. Corp., § 587, (455); Sedgwick, Const. Constr. 2d Ed. Pomeroy's notes, p. 473; Chicago vs. Larned, 34 Ill., 203.

4. Said assessment is not levied by an exercise of the eminent domain; the taking under this power must be preceded by direct compensation paid in money. Resulting benefits cannot be made to take the place of the cash. Sedgwick, 469; Dill., § 738, (455); 7 Ann. 76, opening of Roffignac and Euphrosine sts.; Const., Art. 156.

5. Said assessment is not levied under the police power, this power though unlimited and unrestrained within its proper sphere of action, yet must be confined to its legitimate functions; and these do not extend to the raising of money for levee purposes. If they do the constitutional restrictions on taxation for levee purposes may be easily circumvented. The subject of *taxes under the police power* is fully gone into, and the following authorities are cited: Cooley, Taxation, Chap. XIX; State vs. Blaser, 36th Ann. 364; State vs. Hoboken, 33 N. J., L. 280; Dill. Mun. Corp., § 141, (93); Cooley Const. Lim., 633, (*508); Judge Martin in Morgan vs. Livingston, VI. O. S., 235; same in his History of Louisiana, p. 213, Gresham's Publication; Wallace vs. Shelton, 14th Ann. 499; Gillespie vs. Concordia, 5th Ann. 403; Police Jury vs. Cumming, 9th Ann. 503; and Bishop vs. Marks, 15th Ann. 147.

6. Said assessment is therefore levied by an exercise of the taxing power. The settled doctrine is that local assessments are levied under the taxing power. Cooley, Tax. p. 430; Dill. Mun. Corp., § 752 (596) *et seq.*; Sedgwick, Const. Constr. p. 426.

7. The exercise of the taxing power is limited by Art. 209 Const., and said assessment is authorized in excess of that limit; the Acts authorizing it are therefore inconsistent with the Constitution, and consequently were repealed by the adoption of the Constitution. Laycock vs. Baton Rouge, 36 Ann. 329.

8. The fact that said assessment is levied for local benefit does not liberate it from the operation of Art. 209, for its purpose, though local, is still a purpose, and falls within the all-embracing expression of Art. 209, "for all purposes whatsoever." Folsom vs. New Orleans, 32 Ann. 713; Witkowski vs. Sheriff, 35 Ann. 904; Morgan R. R. vs. Cage, Sheriff, 34 Ann. 508; Municipality vs. White, 9 Ann. 446; Taylor vs. Chandler, 9 Heisk. Tenn.; p. 366.

9. The meaning of Art. 209, as embracing local assessments, is further emphasized by the proviso which permits additional taxation for the purpose of erecting and constructing public buildings, bridges and works of public improvement. The levee of defendant is a work of public improvement such as the proviso has reference to. It is either that or it is a work of private improvement, and in the latter case the assessment would be for a private purpose, and on that score null and void.

10. The permission so cautiously and limitatively doled out to the Legislature by Art. 214, to divide the State into levee districts, and to "levy a tax not to exceed five mills on the taxable property situated within the alluvial portions of said districts subject to overflow," is an affirmative pregnant with the negative that the Legislature may not divide up the State into special levee districts, and authorize the levy of unlimited specific taxes for levee purposes. The Legislature has the right to special-levee-district the State in that manner, if the Constitutional provisions on the subject of taxation do not apply to local assessments for local purposes.

11. By Article 203, Constitution, "The valuation put upon property for the purposes of State taxation shall be taken as the proper valuation for purposes of local taxation in every subdivision of the State." This article *ex vi terminorum* has reference to defendant's assessment, which is a local tax. Said assessment. therefore, if it can be levied at all, must be levied *ad valorem.*

12. Acts 78 of 1876 and 46 of 1877, were never submitted for approval or ratification to a vote of the inhabitants of the district affected by their provisions. They are, therefore, wholly dependent for their validity on the Legislative authority.

13. The bonds issued by defendant were issued for a debt contracted posterior to the adoption of the Constitution of 1879; there can be, therefore, no question in this case in regard to the impairment of the obligation of contracts.

*Thomas H. Hewes,* for Defendant and Appellee :

The "contribution" which the defendant is authorized by law to levy upon all lands protected by its levees, etc., is not a "tax, toll or impost" within the meaning of the Constitution. Board, etc. vs. Lorio, 33 Ann. 276.

---

The opinion of the Court was delivered by

FENNER, J.   The defendant is the same corporation which figured as plaintiff in the case of Board of Levee Commissioners vs. Lorio Bros., decided by us in 1881 and reported in 33d Ann. 276.

Although the present case comes up in somewhat different shape, and although some other questions are raised in the pleadings, the only point insisted on before us is the same which was determined in the Lorio case, viz : the constitutionality of the assessment or contribution levied by defendant upon lands protected by its levee, in conformity with Acts No. 78 of 1876 and 46 of 1877.

Plaintiff, however, calls our attention to the fact that although the Lorio case was decided after the adoption of the Constitution of 1879, yet the assessment there concerned had been made prior thereto and was governed by the Constitution of 1868.   Hence he insists that with regard to the assessment now in contest, which was levied in 1884, it is governed by the present Constitution, and as the provisions of the latter instrument on the subject of taxation are different from, and much more extensive than, those contained in former constitutions, his case presents a new and different question from any hitherto determined.   His contention is technically correct in the limited sense that the particular question as to whether local assessments of the character here presented are governed by the provisions of the present Constitution on the general subject of taxation, has not yet been distinctly decided.

After much reflection, however, we conclude that the principles on which such contributions were excluded from the operation of similar provisions in former constitutions, apply equally to that now in force.

We concede, at once, the first proposition of plaintiff, viz : that the

exaction of such contributions is an exercise of the taxing power, in its broadest sense.    There is nothing in this case to support the assessment as an exercise of the police power or of the power of eminent domain, and unless we are to attribute it to some "vagrant power," there is no other source from which it can spring except the power of taxation.

Indeed, this has never been seriously contested.    In referring to the cases in which it was held that such contributions were not governed by provisions of statutes and constitutions on the subject of taxation, Mr. Burroughs says: "An examination of the cases in which these expressions were used will show that it was not claimed that these burdens imposed upon the citizen were not imposed in the exercise o the taxing power, but merely that the word tax, or taxes, as used in some statute or in the Constitution of a State, was not intended to include local assessments; it was a question of intention to be deduced from the instrument in which the word tax is used."    Burroughs Taxation, § 5.

In a very able argument counsel for plaintiff refers to the original cases in which this doctrine was established in this and other States, and shows that many of the reasons assigned would have been inapplicable to the provisions of our present Constitution; and we are free to confess that as an original question, it would be difficult to support the exclusion of local assessments from the operation of these provisions.

But, in the course of time, the matter has been considered over and over again in our own courts and in the courts of our sister States and by an inveterate course of decision, with rare exceptions, it has ripened into a settled principle of constitutional construction, that local assessments or contributions provided for the purpose of constructing public works for the advantage of particular districts and levied on property benefited thereby and with reference to such benefit, are not considered as taxes within the meaning of constitutional restrictions on the power of taxation.    Board vs. Lorio Bros., 33 Ann. 276; Railroad vs. Board of Health, 36 Ann. 666; Burroughs on Taxation, Chap. 22; Cooley on Taxation, Chap. 20.

We are bound to assume that this principle was present to the minds of the framers of our present Constitution, and that they were well aware that, in the absence of special provision to that effect, the restrictions which they placed upon the exercise of the taxing power, would not be considered as applicable to assessments of this character.

We have carefully scrutinized the unusually elaborate provisions on the subject of taxation and the careful restrictions which have been

placed upon the taxing power of the State, of parishes, and of municipalities, not only for general purposes of government but also for works of public improvement; but we find none which cover or exclude local assessments of the character presented in this case.

Such assessments are not to be confounded with ordinary local taxation. The distinction is well pointed out by Mr. Burroughs : "A tax for the local purposes of a county is imposed on the persons or property within the county, as distinguished from other parts of the State, but it is usually imposed on all the subjects on which the State imposes a tax for State purposes. In local assessments, on the contrary, the tax is imposed on the real estate alone and only on such real estate as is benefited by the local improvement. * * The benefit of the improvement is not only local but also specific, benefiting particularized property, and therefore the tax may be levied on this property which receives a benefit. * * Assessment is not considered as a burden, but as an equivalent or compensation for the enhanced value which the property derives from the improvement." Burr. Tax. p. 460.

When we closely examine the provisions of our Constitution we find that they apply only to ordinary local taxation, levied in particular districts, it is true, but levied on all taxable property within such districts without reference to special benefit to particular property. Such taxation must submit to the restrictions imposed thereby. Thus, under Article 209, a parish or municipality desiring to levy an increased tax on all the taxable property within its limits for some work of public improvement, could not do so without compliance with the requirements of that Article under legislation carrying the same into effect. And so we have held. Surget vs. Chase, 33 Ann. 233.

But these provisions have no application to that kind of taxation which falls under the denomination of strict local assessments which are not levied upon taxable property generally for the common public interest, but upon particular property specially benefited, as an equivalent for the benefit conferred.

Assessments of this kind are not referred to in the provisions of the Constitution upon the subject of taxation, which relate only to taxation upon property generally, whether throughout the State or within particular districts. If we were to deny the legislative power to ordain or sanction such assessments we should destroy a common and most useful function of government. Thus it would not be possible for the city of New Orleans to pave or widen a street or sidewalk without first submitting the question to a vote of all its taxpayers and without making the burden common to them all, although only a particular part of the property would monopolize the benefits.

Such was not the intent of the Constitution, nor the interpretation placed on it in practice and legislation.

The assessments involved here belong strictly to this class, as appears from the Acts authorizing them and from the evidence in this record.

We have the satisfaction of knowing that the legislative department of the government, under the existing Constitution, concurs with us in sustaining the constitutionality of these Acts and assessments, as shown by Act No. 97 of 1882, referring to and confirming the same.

Judgment affirmed.

Rehearing refused April 5, 1886.