With this amendment of our decree, the application for rehearing is refused.

———

(45 South. 394.)

No. 16,670.

LOUISIANA & N. W. R. CO. v. STATE BOARD OF APPRAISERS (BOARD OF SCHOOL DIRECTORS OF PARISH OF NATCHITOCHES et al., Interveners).

(Jan. 9, 1908.)

SCHOOLS AND SCHOOL DISTRICTS—TAXATION— EXEMPTIONS—SCHOOL TAX.

The tax of 10 mills authorized by article 232 of the Constitution to be levied in aid of the public schools is not a special assessment, and therefore property exempted from taxation by the Constitution is not subject to it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Schools and School Districts, § 239.]

(Syllabus by the Court.)

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; Harney Félix Brunot, Judge.

Action by the Louisiana & Northwest Railroad Company against the state board of appraisers. Board of school directors of parish of Natchitoches, and Bienville, interveners. Judgment for defendants, and plaintiff appeals. Reversed, and judgment rendered.

John Amos Richardson, for appellant. Walter Guion, Atty. Gen., for appellees interveners. Horace Henry White, Henry Moore, and Henry Moore, Jr., amici curiæ.

PROVOSTY, J. The only question in this case is whether the school tax authorized by article 232 of the Constitution is an ordinary tax, or is a special assessment for local benefit.

Said article is the one which fixes a limit upon taxation. It fixes the limit at six mills for state purposes and ten mills for parish, municipal, and public board purposes; but, by a proviso, authorizes the school tax in question to be levied "in excess of said limitation."

The tax is shown to be an ordinary tax by the very fact itself of express authority having been given for its levy. The Constitution has left the power of taxation unlimited and untrammeled in that phase of it by which special assessments are levied. This is established by an abundant and firmly settled jurisprudence. Had this tax, therefore, been a special assessment, no express authority for its levy would have been needed, and none would have been given. The framers of the Constitution would not have done the foolish thing of giving express authority to the Legislature to do a thing which the Legislature would have had the perfect right to do without such authority.

Their giving express authority to levy a special assessment in a particular case would have carried the conclusive implication that they intended the limitation on the taxing power to apply as well to special assessments as to ordinary taxes; and thus special assessments would have been by implication prohibited in all cases, except in the particular case for which express authority had been given. The logical consequence of holding this tax to be a special assessment, therefore, would be to strike with nullity all the special assessments which are now being levied in excess of the limit imposed upon the taxing power by the Constitution, except those expressly authorized.

Plainly the proviso which authorizes this tax simply extends in favor of schools the limit imposed by the article upon ordinary taxation, and has reference to the same kind of

taxation and the tax it authorizes is an ordinary tax.

Indeed, the fact that the tax is in aid of the public schools shows conclusively that it is a mere ordinary tax. How could a tax in aid of the public schools be a special assessment when the maintenance of the public schools is one of the most ordinary of the ordinary charges of our government, and, by the most elementary principles, our government must have recourse to ordinary taxation for meeting its ordinary charges, and cannot have recourse to special assessments. If for meeting its ordinary charges the government could have recourse to special assessments, and if, as is well settled in our jurisprudence, the limitations of the Constitution upon taxation do not apply to special assessments, the situation would be that for meeting its ordinary charges our government could levy unlimited taxes simply by pretending that they were special assessments. If the present tax were a special assessment, the situation would be that, notwithstanding the limitation placed upon taxation in the Constitution, the Legislature could authorize the parishes to levy unlimited taxes in aid of the public schools. No one would pretend that the Legislature could do anything of the kind.

The tax in question is now being demanded of a railroad company upon the part of its road recently built which by the Constitution is exempt from ordinary taxes for 10 years; but, if it is a special assessment and as such is demandable upon one class of exempted property, it is for the same reason and in like manner demandable upon all classes of exempted property—schools, universities, churches, hospitals, places for the burial of the dead, etc. Such a thing is not to be thought of. We take it that further argument is unnecessary.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there be judgment in favor of the plaintiff the Louisiana & Northwest Railroad Company and against the board of appraisers of the state of Louisiana decreeing the property of the said plaintiff as described in the petition in this suit exempt from the district school tax of 10 mills described in said petition of the several parts of said railroad as fixed in said petition; and that defendant pay the costs of this suit.