LAND, J.
Plaintiff enjoined the tax collector from selling its roadbed and side tracks for special taxes levied for the years 1903, 1904, 1905, and 1906 in favor of the Arkansas Southern Bailroad. The alleged ground for the injunction was exemption from taxation under article 230 of the Constitution of 1898. Defendants, answering, averred that the exemption from taxation provided by said article does not include the special taxes in question, which are a voluntary local assessment or contribution, not for a governmental purpose, but in aid of a public improvement for the common benefit of the taxpayers of the parish. Further answering, the defendants averred that if said exemption was intended to apply to special taxes voted and levied in favor of railroad enterprises prior to the adoption of the Constitution of 1898, said article 230 is, in that respect, in contravention of article 1, § 10, of the Constitution of the United States, prohibiting the states from passing any ex post facto law or laws impairing the obligation of contracts. Defendant prayed for the dissolution of the injunction with $1,000 damages for attorney’s fees.
The case was tried on an agreed statement of fact, and there was judgment in favor of the defendants, dissolving the injunction *1000 without damages, and dismissing the suit with costs.
Plaintiff has appealed, and the defendant railroad has answered the appeal, praying that the judgment be amended by allowing $500 as damages for attorney’s fees, and that as thus amended be affirmed.
A tax of five mills to run for a term of 10 years from the completion of the road was voted by a majority of the taxpayers in number and amount of Winn parish in favor of the Alexandria, Junction City & Shreveport Railway Company, at an election held in said parish on the 1st day of February, 1898, conditioned upon the completion of said railroad into Winnfield within three years from that date, and the result of said election was duly promulgated. The Arkansas & Southern Railroad succeeded to all the rights of the original grantee in and to said tax. The road was not completed within three years as stipulated. “By proceedings and judgment of the police jury of Winn parish” (which are not explained in the statement of facts) the Arkansas Southern Railroad Company was given an extension of time to the 1st day of May, 1901, to complete its line of railroad into Winnfield. The road was completed within the extended time limit, and was accepted by the police jury, and taxes were levied in accordance with said special election beginning with the year 1901, and such taxes have been paid by the property holders of the parish of Winn.
The line of railroad of the plaintiff company was commenced, built, and constructed through the parish of Winn during the years 1901, 1902, and 1903.
Article 230 of the Constitution of 1898, after specifying the classes of property which shall be exempt from taxation, proceeds to exempt from taxation for a period of 10 years from the 1st day of January, 1900, the capital, machinery, and other property employed in mining operations and certain manufactures.
The last paragraph of the article reads, in part, as follows:
“There shall also be exempt from, taxation for a period of ten years from the date of its completion any railroad or part of such railroad that may hereafter be constructed and completed prior to January 1st, 1904; provided that when aid has heretofore been voted by any parish, ward or municipality to any railroad not yet constructed, such railroad shall not be entitled to the exemption from taxation herein established, unless it waives or relinquishes such aid or consents to a resubmission of the question of granting such aid to a vote of the property taxpayers of the parish. * * * ”
The Arkansas Southern Railroad Company in November 1898, formally waived its right to exemption from taxation under said article.
It is admitted that the Louisiana & Arkansas Railway is entitled to exemption from taxation, but it is contended that special taxes in aid of railway enterprises do not constitute taxation in the sense of the Constitution. In the answer of defendants, such special taxes are alleged to be voluntary local assessments or contributions. The judge below so held. We cannot concur in this view. The Constitution of 1898, after limiting parish and municipal taxation to 10 mills on the dollar of valuation for all purposes whatever, provided for the levy of a special tax in excess of said limitation for additional support of public schools, for the construction of public buildings, bridges, wharves, and other works of public permanent improvement. Article 232. In a subsequent article (270) the General Assembly was empowered to authorize the municipal authorities of the state, by a majority vote of the taxpayers, to levy special taxes in aid of public improvements or railway enterprises, within the limitation of 5 mills per annum and for not more than 10 years.
The word “special” thus used implies merely an additional tax over and above the general tax authorized by the Constitution. A *1002 special tax, whether levied under article 232 or article 270, must be equal and uniform throughout the territorial limits of the authority levying the tax. Article 225. Under the Constitutions of 1879 and 1898, special taxes in aid of railway enterprises have been uniformly levied upon all the taxable property within the limits of the taxing authority, and collected in the same manner as other taxes. Act No. 35, p. 44, of 1886; Act No. 131, p. 200, of 1898; Act No. 145, p. 317, of 1904. By authorizing such special taxes the Constitution recognizes that they are for “local purposes, strictly public in their nature.” Article 224. In the exercise of the taxing power, the Legislature, if not forbidden by the organic law, may levy taxes for highways and roads, including canals and railways, to be constructed by the state or, under its authority, by the municipal subdivisions of the state within whose limits they may be needed. The state may also aid a railroad corporation by an exercise of the power to tax or may confer this power on the municipalities. Cooley on Taxation (3d Ed.) 212-215.
Local assessments are a peculiar species of taxation based on the assumption that a portion of the community is to be specially and peculiarly benefited in the enhancement of the value of property peculiarly situated as regards a contemplated expenditure of public funds. A local - assessment can be only levied on land, and cannot be made a personal liability, as it is an assessment on the thing supposed to be benefited. It cannot be levied on a whole political subdivision, as a county or town, but must be restricted to property situated in a district created for the express purpose of the levy, and possessing no other function or even existence. Id. 1154 et seq. In Charnock v. Levee Company, 38 La. Ann. 327, the court said that local assessments were not to be confounded with ordinary local taxation, citing Burroughs, Taxation, p. 460, as follows:
“A tax for the local purposes of a county is imposed on the persons and property in the county, as distinguished from other parts of the state, but is usually imposed on all the subjects on which the state imposes a tax for state purposes. In local assessments, on the contrary, the tax is imposed on the real estate alone, and only on such real estate as is benefited by the local improvement. * * * The benefit of the improvement is not only local, but also specific, benefiting- particularized property, and therefore this tax may be levied, on this property which receives a benefit.”
In the same case the court said that local assessments were not referred to in the provisions of the Constitution of 1879. In Construction Co. v. Tax Collector et al., 108 La. 435, 32 South. 399, 58 L. R. A. 349, the court held that a bridge tax levied under the Constitution of 1898 on all the property generally in a ward is not a local assessment, even though for the imposition of it a vote of the taxpayers of the ward is required. The court said:
“The essentially characteristic feature of a local assessment is that it is levied on particularized property, and not on property generally. Charnock v. Levee Co., 38 La. Ann. 327. * * * That the tax should be levied on each particular property in proportion to the benefit it is to derive from the expenditure of the avails of the tax.”
In the recent case of L. & N. W. R. Co. v. State Board of Appraisers et al., 120 La. 471, 45 South. 394, this court held that certain special taxes levied in aid of public schools under article 232 of the Constitution of 1898, were not local assessments, but were ordinary taxes within the exemption from taxation accorded to newly constructed railroads by article 230 of the same instrument.
The case of Illinois Central Railroad v. Decatur, 147 U. S. 190, 13 Sup. Ct. 293, 37 L. Ed. 132, simply holds that an exemption from taxation does not include special assessments, imposed to pay the cost of paving and grading a street, and charged upon contiguous property upon the theory that it is bene *1004 fited. thereby. In Ford v. Delta & Pine Land Co., 164 U. S. 662, 17 Sup. Ct. 230, 41 L. Ed. 590, the special assessments were for levee purposes, and were levied on property specially benefited. The court recognized that such special assessments did not come within the constitutional limitation as to taxation, being “for the purpose of ameliorating property and enhancing its value.”
We find no difficulty in arriving at the conclusion that the tax voted in favor of the defendant railroad company comes within the meaning of the term “taxation” as used in article 230 of the Constitution of 1898, exempting newly constructed railroads from taxation for a term of years.
The second contention of the defendant is that its vested rights to said special taxes cannot be lawfully divested, and that if article 230' of the Constitution of 1898 can be construed as an exemption of the plaintiff railroad from the payment of such taxes, then said exemption is null and void as impairing the obligation of defendant’s contract with the taxpayers of the parish of Winn.
The tax was voted on February 1, 1898, conditioned however on the completion of the railroad within three years from that date. The road was not completed on or before February 1, 1901. According to the statement of facts, by some “proceedings and judgment of the police jury of Winn parish,” which are not explained, the defendant railroad was given an extension of time to the 1st day of May, 1901, to complete the road, and it was completed on or before that date. The road seems to have been constructed after the adoption of the Constitution of 1898, and to have earned the exemption provided by article 230. Th& statement of facts reads:
“The Arkansas^ Southern Railroad Company duly filed its waiver of exemption of taxes on the 5th day of November, 1898, and same is duly recorded in Conveyance Book E, pp. 446 and 447.”
Article 230 provided that the exemption should not apply to any railroad that might thereafter be constructed and completed prior to January 1, 1904, to which aid had been previously voted by any parish, ward, or municipality, unless it waives or relinquishes such aid or consents to a resubmission of the question of granting such aid to a vote of the property taxpayers. The defendant railroad, instead of waiving the aid voted, waived the exemption.
When the Constitution was adopted in May, 1898, aid had been voted to the predecessor of the defendant railroad, on a certain condition. It appears from the statement of facts that this condition was not complied with, but in some way not explained the railroad procured a modification of the contract as to the time of completion. It cannot, therefore, be said that the defendant railroad acquired all of its contract rights prior to the adoption of the Constitution of 1898.
But, however this may be, whatever rights the voting of the tax conferred on the railroad compans1, were contingent and prospective. The tax, if earned, was to be levied on whatever taxable property might be found in the parish after the completion of the road.
The question of the taxability of property in futuro was necessarily left to the determination of the sovereign. A few months after the voting of the tax, the Constitution of 1898 was adopted. The framers of that instrument, in order to encourage the construction of new railroads, offered a bonus in the form of an exemption from taxation for 10 years. The plaintiff railroad accepted this offer, and by the timely construction of its road earned this bonus or exemption. Hence the plaintiff railroad came into existence under shelter of the constitutional exemption, and is not and never has been taxable property in the parish of Winn. The right of the defendant .railroad to a tax levy did not become vested until the year 1901, *1006 three years after the adoption of the Constitution of 1898.
It is therefore ordered that the judgment •appealed from be annulled, avoided, and reversed, and it is now ordered that the injunction sued out by the plaintiff be reinstated and perpetuated as prayed for, and that the defendant railroad pay costs in both ■courts.
NICHOLLS, J., concurs.
N. B. — Removed to the Supreme Court of the 'United States by writ of error.