(54 South. 790.)

No. 18,308.

BOARD OF TRUSTEES OF CENTENARY COLLEGE v. HUBBS, Sheriff.

(March 27, 1911.)

*(Syllabus by the Court.)*

1. PROPERTY NOT EXEMPT.
   The property is not exempt from taxation.
2. USE OF PROPERTY.
   It is not used for educational purposes.

128 LA.—9

3. TAXATION (§ 242*)—LIABILITY FOR TAXES —EXEMPTION—PROPERTY USED FOR EDUCATIONAL PURPOSES.
   By failure to continue the use for educational purposes, the exemption is lost.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 394–403; Dec. Dig. § 242.*]

Appeal from Twenty-Fourth Judicial District Court, Parish of East Feliciana; George J. Woodside, Judge.

Action by the Board of Trustees of Centenary College against J. D. Hubbs, Sheriff and Tax Collector. Judgment for defendant and plaintiff appeals. Affirmed.

Kilbourne & Walker, for appellant. Jos. L. Golson, Dist. Atty., for appellee.

BREAUX, C. J. The tax collector of East Feliciana sought to collect the amount of the taxes on an assessment of plaintiff's property, the Centenary College.

The property was seized by this officer and advertised to be sold for taxes.

The board of trustees of Centenary College sued out an injunction to restrain the tax collector from selling the property for taxes, on the ground that the assessment and levy of the taxes for which the property was advertised are illegal, as the property is exempt from taxation; that the property is used exclusively for college and other educational purposes; and that it has not been leased for purposes of private or corporate profit or income.

The tax collector takes issue with plaintiff regarding the facts of the case. He urges that the property known as Centenary College and its buildings, rights, surroundings, and appurtenances are not in college use, or for any other school purposes; that they are left for revenue; that the college has changed its corporate domicile; and that it has actually been offered for sale.

[2] The agreed statement of facts shows that the property is not used for school purposes. As before stated, its domicile has

been transferred to Shreveport since the year 1906. The property has been offered for sale. It has been let, it is true, it is stated, for a nominal rental.

The constitutional exemption rests upon the use for educational purposes.

[3] By the failure to continue in that use, the exemption is lost.

The offering of the property for sale after it has been abandoned shows that the abandonment is permanent, and that no one has even a remote idea of reopening the doors of the college for educational purposes.

Now, it is true, the rental is only nominal, yet it is rented, and, be the amount of rental small or large it certainly justifies the conclusion that there is no disposition on the part of the owners to avail themselves of the exemption of the Constitution, one of the conditions of which is that rented property is not exempt.

There cannot be a more complete abandonment of property from the purpose to which it was originally dedicated than in this case. The management has not done anything to retain the exemption. There is not an iota for such exemption remaining.

For reasons stated, the judgment is affirmed.