BREAUX, O. J.
Plaintiff sued Warren Thomas, assessor of St. Tammany parish and T. E. Brewster, sheriff, and the State Board of Assessors, through Paul Capdevielle, State Auditor, and Walter Guión, Attorney General, and the town of Mandeville, through, its proper officers, and the town of Abita, through its proper officers, to have a judgment decreeing null the action of the State Board of Appraisers in deciding that in the year 1910 defendant’s railroad is subject to taxation for that year.
Also to compel these defendants to cancel all taxes on the railroad within the parish of St. Tammany appearing on the assessment roll.
Plaintiff claimed that its railroad was completed within the limits of St. Tammany parish and within the town named above during the years 1907, and 1908.
Plaintiff claims that the property is exempt for the reason that the road was completed in time to be within the constitutional provision of the amendment adopted in the year 1904.
The Attorney General, representing the State Board of Appraisers, the assessor, through his counsel, the sheriff, and the town of Mandeville filed exceptions to plaintiff’s suit, averring as the ground of excep: tiou that the suit to reduce, change, and set aside an assessment on railroad property ought to be brought against the State Board of Appraisers at Baton Rouge.
The exception of the Board of Assessors was heard.
The court held that it was well founded and dismissed the suit.
From the judgment dismissing its demand, plaintiff prosecutes this suit.
The action is not brought to reduce an assessment, but to set aside the tax as null because of the alleged exemption of the property from taxation.
The former must be brought within the time specified. The latter, as it goes to the entire invalidity of the tax, the time to have it declared null is not limited, as it is in regard to a suit to reduce the assessment.
It is a distinction to be made between an action in reduction and an action in nullity.
The former must be brought at the domicile of the board. It is because, doubtless, the matter' of assessment and appraisement is within the control of the board and remains within its control.
While it is different as to the latter.
The tax may be attacked as null and void either because of exemption or for any cause long after it has passed out of the control of the board.
The assessment of the Board of Appraisers is final unless reduced by suit for reduction to be brought against the board at the capital.
Under article 226 of the Constitution, it is made the duty of the Board of Assessors to assess the property belonging to corporations, associations, individuals employed in railway, telegraph, telephone, sleeping car and express business.
The law adopted to carry out this article of the Constitution directs that the board shall assess the property, owned as before indicated, for taxation, and it is given power to obtain information in order to ascertain values of property.
Throughout, reference is made to the assessment of property and nothing regarding exemption. The whole duty is confined to the assessment of property.
To assess property is to place a value upon it, while to' exempt property presents other issues.
If the present action can be classed as an action in reduction, suit should have been brought against the board.
We have not found it possible to agree with the view that an action to reduce the assessment is an action in nullity.
*131 The Board of Appraisers is not authorized by any special provision of law to pass upon the right of exemption. It has not the exclusive right to pass upon the question whether or not the property is exempt.
As the language of the statute does not indicate that it was the intention of the Legislature to compel the taxpayer to sue the board exclusively at its domicile, to the taxpayer the right remains to bring suit at the situs of the property.
We infer from the law upon the subject that it is the intention that the authorities in charge of the tax collecting department shall to some extent act together and come to a common understanding in regard to property which is exempt from taxation.
This can best be accomplished by making the Board of Appraisers a party to the suit in the parish or at the locality where the suit is brought.
In this instance, it is important that the Board of Assessors be made a party, for it has acted upon the question at issue and decided that the property is not exempt.
In a suit to test the question whether it ■ is exempt or not, the board is a necessary party.
We are of opinion that there is no good reason why in every case it should not be made a party when it was proposed to have property exempted from taxation which is subject to assessment and valuation by the Board of Appraisers.
In a number of decisions, the question of the absolute nullity of the tax has been decided contradictorily with the officer who had it in charge to collect the tax.
That is a direct and practical remedy.
The other is not as direct, and, besides, we do not understand that it is the law.
To illustrate:
When the Board of Appraisers have made their assessment, they return it to the assessor and other local authorities to collect the taxes.
When the board has assessed the property and it has passed out of its hands, as it has been referred to the sheriff to collect the taxes, it then would present inconvenience to sue the board in matter of exemption.
If, after the return has been made, the taxpayer whose assessment has been made by this board discovers that his property is to be sold for taxes although exempt from taxation, as this board meets annually once a year, the property might be sold before it would be possible for him to have a hearing before the board.
It does look more regular to let the taxpayer proceed against the local authorities and make the Board of Appraisers a party to the suit.
In this way the authority of the state is recognized, its interest • protected, and the taxpayer is not placed to great inconvenience in order to obtain a hearing.
We mention this to add that it is not probable that the legislator sought to include the action of nullity as an action to be brought against the board in Baton Rouge.
The ruling should not be toward restricting and contracting the methods whereby parties may reach the courts unless it is evidently the intention of the lawmaking authority to thus contract and limit the jurisdiction and confine it to one court at a distance.
That is not the tendency of modern law.
It is the duty of the board, we have seen, to see to the proper appraisement of property.
We have not found that it is the duty of the Board of Appraisers to compel the taxpayer in actions of nullity to resort for the assertion of his rights to the place at which the Board of Appraisers has its domicile.
Although it has its domicile at the capital, its jurisdiction extends over all the state, and when that jurisdiction is questioned, *133 or it is deemed that the board is in error wherever the collection of a tax that is null and void is attempted, the court at the domicile of the taxpayer has, under our construction, the jurisdiction to act, provided the board is made a party.
The board makes returns to the different parochial and municipal authorities of the property assessed and its valuations to the respective jurisdiction. See section 6 of Act No. 106 of 1S98.
It having made return to the local authorities, the action to annul may be brought in the parish in which the property is assessed, and, as it is returnable to the locality where assessed, if there be illegality in the proceedings, it may be brought to the attention of the court at the place where the property was assessed.
When an officer is proceeding to collect a state-tax illegally on account of an assessment that is null and void, or for other similar reasons, or for some illegality in the method followed in collecting, the proceeding may be arrested by injunction. Budd v. Houston, 36 La. Ann. 959, approvingly referring to Blackwell on Tax Titles, p. 583.
In a number of cases the suit was brought against the sheriff alone to enjoin him.
For instance, in the case of Hollingsworth v. Tax Collector, 45 La. Ann. 222, 12 South. 1, and in the case of L. & A. Ry. Co. v. Tax Collector, 121 La. 997, 46 South. 994, the police jury, the assessor and the tax collector were made parties.
See, also, the late case of the Board of Trustees of Seminary College v. Sheriff, 128 La. 258, 54 South. 790.
The tax collector alone stood in judgment to put an end to the exemption of the property.
While it is true that the question was not directly presented in these cases, it shows the impression created on a number of minds after having read the law upon the subject.
For reasons stated, the judgment of the district court is annulled, avoided, and reversed. It is ordered, adjudged, and decreed that the ease be remanded to the district court; that it be reinstated and tried in accordance with the views above expressed.