(81 South. 743)

No. 23131.

KANSAS CITY, S. & G. RY. CO. v. SKINNER, Tax Collector.

(May 5, 1919.)

*(Syllabus by the Court.)*

1. TAXATION &copy;=>611(4) — INJUNCTION — TAX COLLECTOR—PARTIES.

Where a tax collector is proceeding to enforce the payment of an illegal and unconstitutional tax, he may be restrained by injunction without calling in the lawmaking power, whether state or parish, as a party defendant.

2. HIGHWAYS &copy;=>126—TAXATION &copy;=>44 — ROAD TAX—POWER OF POLICE JURY—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Whilst, under article 291 of the Constitution, as amended pursuant to Act No. 236 of 1912, a police jury is authorized to form its parish into road districts, and, with the assent of a majority in number and value of the property taxpayers in a district so formed, entitled to vote under the election law, is authorized to levy other taxes (than those already provided for by the Constitution), for road and bridge purposes, "not to exceed five mills for five years," it is impossible that the framers of the amendment should have contemplated, in conferring such authority, that it (police jury) would undertake to include either the property of its entire parish or that of any ward or other subdivision in more than one road district, since, if that should be done, the road tax, instead of being limited to five mills, may be as many times that rate as there are districts in which the property is included, and the number of districts would appear to have no other limit than such as may be determined by the police jury. The tax, moreover, would be unequal and discriminatory.

Appeal from Twelfth Judicial District Court, Parish of Sabine; John H. Boone, Judge.

Action for injunction by the Kansas City, Shreveport & Gulf Railway Company against W. F. Skinner, Tax Collector. Injunction dissolved, and plaintiff appeals. Reversed, and judgment rendered for plaintiff, perpetuating the injunction, restraining defendant from enforcing payment of taxes claimed by him, and directing that he receive as in full of all demands the tax tendered by plaintiff and placed in the registry of the court.

Alexander & Wilkinson, of Shreveport, for appellant.

Don E. So Relle, of Many, for appellee.

Statement of the Case.

MONROE, C. J. It appears that the police jury of the parish of Sabine has so organized certain road districts in that parish that some of them overlap others, with the effect, so far as the interests of the plaintiff are concerned, that in several instances the identical

mileage of its main line is included in two districts and subjected to the road taxes imposed by both.

The total amount of the taxes appearing to be due by plaintiff in the parish, according to the assessment roll of 1917, is $31,729.72, whereas, if there be deducted the sum attributable to the alleged double taxation, the amount actually due is found to be $30,995.20, which plaintiff deposited in the registry of the district court, and thereupon obtained an injunction restraining the tax collector from proceeding to seize its property to enforce payment of the larger amount claimed by him. The tax collector filed an exception to the effect that the police jury should be made a party defendant, alleging that he had no connection with the organization of the road districts, and, in effect, no capacity to stand in judgment with regard to their legality; and further alleging that he was without authority to accept from a tax debtor anything less than the whole amount of the taxes shown by the assessment roll to be due, which matters were subsequently set up by way of answer. After a trial on the merits, the injunction was dissolved, and plaintiff has appealed. It was shown, without contradiction, that the districts which overlap and the mileage of plaintiff's main line included in such overlaps, respectively, are as follows, to wit: District 12 overlaps district 3, and includes 2.62 miles; district 12 overlaps district 9, and includes 3.38 miles; district 13 overlaps district 2, and includes 2.65 miles; district 14 overlaps district 2, and includes 4.25 miles.

It is admitted that the double tax based on the overlapped mileage amounts to $734.52.

### Opinion.

[1] 1. When a tax collector is proceeding to enforce the collection of an illegal and unconstitutional tax, he may be restrained by injunction without calling in the lawmaking power, whether state or parish, as a party defendant. Gonzales v. Lindsay, 30 La. Ann. 1085; Budd v. Tax Collector, 36 La. Ann. 960; Reed v. Creditors, 39 La. Ann. 121, 1 South. 784. If that were not so, the property owner would have no recourse against the seizure and sale of his property under the supposed authority of an unconstitutional statute, since the state cannot be sued without its consent; and the collector is authorized by statute to collect both the state and parish taxes.

[2] 2. Act 236 of 1912 proposing an amendment to article 291 of the Constitution relative to taxes for the construction and maintenance of public roads, which was adopted and is the latest amendment on that subject, re-enacts so much of that article as declares that "the police juries of this state may form their respective parishes into road districts," etc.; that certain property, per capita, and license taxes shall be appropriated to the construction, maintenance, and repairing of the public roads and bridges; and that (paragraph 2) "police juries and municipal corporations in the several parishes in this state may levy other taxes for the construction of public roads and bridges within the territorial limits of said parishes, and may incur debt and issue negotiable bonds therefor in the manner and to the extent authorized under the provisions of articles 232 and 281 of the Constitution and the statutes adopted to carry them into effect. Other taxes may be levied by the police juries for road and bridge purposes not to exceed five mills for five years on the property of the parish, or any ward thereof, whether [whenever] the rate of taxation and the purpose thereof shall have been submitted to the property taxpayers of the said ward or parish, entitled to vote under the election laws of the state, and a majority thereof in number and value of those voting at said election shall have voted in favor thereof."

Construing together the two sentences thus quoted, it will be observed that, whilst the

first declares that "police juries * * * may levy other taxes" (than those provided for in the preceding paragraph), "and may incur debt and issue negotiable bonds therefor in the manner authorized under the provisions of articles 232 and 281 of the Constitution," it leaves the fixing of the rate of taxation and the duration of the tax to the second sentence, by which they are limited to five mills and five years, respectively.

Such was the view taken of the matter in the case of Hayne v. Assessor, 143 La. 697, 79 South. 286. After considering article 281 of the Constitution as amended pursuant to Act 197 of 1910, and article 291, as amended pursuant to Act 236 of 1912; and, considering the question of a possible conflict between the two sentences above referred to of paragraph 3 of the amendment last mentioned, it was there said:

"The two sentences do not, however, in all respects, if at all, conflict with each other. The first contains a general grant of power to levy special taxes for the construction and maintenance of roads and bridges, and then, following a comma, the sentence proceeds, 'And may incur debt and issue bonds therefor, in the manner and to extent authorized under provisions of articles 232 and 281 of the Constitution and the statutes adopted to carry them into effect.'

"The reference to the two articles is therefore directed to the manner and extent in and to which debt may be contracted and bonds issued, and not to rate of taxation."

The opinion then holds that article 232 has little or no bearing upon the question at issue, and that article 281, as amended and readopted pursuant to Act 197 of 1910 makes specific provision as to the interest and maturity of the bonds thereby authorized, the terms upon which they shall be sold, and the proportion that they shall bear to the assessed value of the property of the subdivision issuing then, and that, hence:

"The 10-mill rate of taxation, established for road and bridge purposes by article 281, as amended pursuant to Act 197 of 1910, was superseded by the 5-mill rate, re-established by article 291, as amended pursuant to Act 236 of 1912."

Whilst, then, a police jury is authorized to form its parish into a road district, and, with the assent of a majority in number and value of the property taxpayers in a district so formed entitled to vote under the election law, is authorized to levy "other taxes" (than those already provided for) for road and bridge purposes, "not to exceed five mills for five years," it is impossible that the framers of the amendment should have contemplated, in conferring such authority, that a police jury would undertake to include either the property of its entire parish or that of any ward, or other subdivision, in more than one road district, since, if that be done, the road tax, instead of being limited to five mills, will be multiplied by the number of districts in which the property is thus included, and that number would appear to have no other limit than the discretion of the police jury. The tax, moreover, would be unequal and discriminatory.

We conclude, then, the plaintiff's complaint of inequality and duplication, and hence unconstitutionality in the tax here in question, is well founded, and that it is entitled to judgment as prayed for. Const. art. 225; Abascal v. Bouny, 37 La. Ann. 538; Cooley on Taxation, 64; 28 A. & E. Enc. of Law (2d Ed.) 609; 37 Cyc. 755.

In so holding, we confine ourselves to the issues presented by the pleadings and the prayer of the petition.

It is therefore ordered that the judgment appealed from be annulled, and that there now be judgment in favor of plaintiff, perpetuating the injunction originally issued herein, restraining the defendant tax collector from enforcing payment of the taxes claimed by him, and directing that he receive, as in full of his demands against plaintiff for the taxes of 1917, the amount tendered by plaintiff, and placed in the registry of the district court. It is further decreed that defendant pay all costs.