· (109 So. 496)

No. 27363.

## GUARANTY BANK & TRUST CO. v. WARD LUMBER CO.

(June·28, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations ☜405.**

"Special assessment" is one that is levied on particular property specially benefited, as equivalent for benefit conferred.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Special Assessment.]

2. **Highways ☜121—Schools and school districts ☜108(1)—Government must resort to ordinary taxation, and not special assessments, to meet charges for construction and maintenance of schools and roads.**

Construction and maintenance of public schools and public roads are ordinary charges of the government, and ordinary taxation, not special assessments, must be resorted to in order to meet such charges.

3. **Landlord and tenant ☜148(2)—Taxes in aid of schools and roads held ordinary taxes for which lessee is liable under agreement to pay all taxes other than special assessments.**

Under provision in lease that all taxes other than special assessments thereon shall be paid by lessee, lessee is liable for special taxes levied in aid of public schools and public roads of the parish, since they are ordinary taxes, and not assessments on particularized property to be benefited thereby.

Appeal from Ninth Judicial District Court, Parish of Rapides; Leven L. Hooe, Judge.

Suit by the Guaranty Bank & Trust Company against the Ward Lumber Company for receivership. A receiver was appointed and subsequently filed an account, which was opposed by the Rapides Lumber Company and by the Edward W. Stiles Land Company. Opposition was maintained, and the receiver appealed. Affirmed.

White, Holloman & White and Hakenyos, Scott, Provosty & Staples, all of Alexandria, for appellant.

Bruton T. Dawkins, of Alexandria, for appellees.

ROGERS, J. ·On September 14, 1918, under an agreement styled "Contract of Lease and Conditional Sale," the Rapides Land Company and the Edward W. Stiles Land Company sold to the Ward Lumber Company for a consideration approximating $400,000, payable as stipulated, the timber on several thousand acres of land situated in the parish of Rapides. The purchaser operated under the contract until August 16, 1923, when, at the suit of one of its creditors, it was placed in the hands of receivers. The receivers obtained permission of the court to continue the business of the company and to take over and carry out the contract. After operating for about 60 days, they concluded it would be to the interest of the creditors to close out the business, and, accordingly, under an order of court, the entire assets of the company were sold. The receivers then filed an account wherein they proposed to pay the state and parish taxes, but not the school and road taxes, due on the lands affected by the contract. The account was opposed by the Rapides Land Company and by the Edward W. Stiles Land Company, asking that it be amended so as to require the receivers to pay in addition to the state and parish taxes, the road and school taxes, amounting to $2,929.02, contending that the road and school taxes were included in the taxes which the lessee or vendee was obligated to pay under the provisions of the contract. The opposition was maintained, and the receivers have appealed from the judgment.

The present controversy arises out of the

following provision contained in paragraph 12 of the contract, viz.:

"The taxes upon the leased premises for the current year are to be paid three-fourths by the lessors and one-fourth by the lessee. So long as the aforesaid lands continue under this lease all taxes other than special assessments thereon shall be paid by lessee. * * * "

[1] Appellants take the position the school and road taxes are special assessments, and for that reason have declined to pay such taxes for the year 1923. Their position is untenable. A local or special assessment is one that is not levied upon property generally for the common interest, but upon particular property specially benefited, as an equivalent for the benefit conferred. Charnock v. Levee Co., 38 La. 322.

[2] The construction and maintenance of the public schools and public roads is one of the ordinary charges of the government, which must resort to ordinary taxation in order to meet its ordinary charges, and not to special assessments depending for their validity upon the benefit conferred upon the property of any particular taxpayer. Williams Cypress Co. v. Martin, 144 La. 767, 81 So. 307; L. R. & Nav. Co. v. Madere, Sheriff, etc., 124 La. 635, 50 So. 609; L. & A. R. Co. v. Shaw, 121 La. 997, 46 So. 994; L. & N. W. R. Co. v. State Board of Appraisers, 120 La. 471, 45 So. 394.

[3] The so-called special taxes levied in aid of the public schools and public roads of the parish of Rapides are ordinary taxes, and not special assessments levied upon particularized property to be benefited thereby.

The officers of the Ward Lumber Company, the original lessee or vendee, well understood the company was obligated to pay the taxes in dispute here. The corporation paid, without exception, one-fourth of the taxes due for the year 1918, the year in which the contract was entered into, and all of the taxes levied in the four succeeding years. It was only when the receivers assumed charge of the company's affairs in the year 1923 that the obligation to pay the school and road taxes was repudiated.

The letter of October 7, 1920, written on behalf of the Ward Lumber Company to the Rapides Land Company, is not a protest against, but is a recognition of its liability for, the payment of the school and road taxes levied upon the leased premises.

We see no error in the judgment appealed from.

Judgment affirmed.