## SUCCESSION OF HARRELL.

Notes not payable to order or bearer, are subject only to the prescription of ten years, estab-
   lished by art. 3508 for personal actions generally.
It is not neccessary to interrupt prescription, that the acknowledgment of a debt should bo
   in writing, nor that it should be made in the presence of the creditor.   C. C. 3486, 3517.
The owner of a note due by a solvent succession is entitled to legal interest from the death
   of the debtor, though there was no stipulation in the note for the payment of interest.
   C. P. 989.

| 3   | 323 |
| 121 | 687 |
| 121 | 689 |

APPEAL from the District Court of East Feliciana, *Boyle, J. Delee,* for the appellants. The admissions of the deceased were insufficient to interrupt prescription. 9 La. 562. 10 La. 569. 5 La. 205. 3 Mart. N. S. 707. *Merrick,* contrâ. The judgment of the court was pronounced by

KING, J. The administrators of *James M. Harrell,* deceased, filed an account of their administration of his succession. which was opposed by *Cassandra Harrell,* who alleged that she was a creditor of the deceased for the amount of three promissory notes, and that the administrators refused to pay her demand, or to recognize it in the account presented. She prayed to be placed upon the account as a creditor, and for a decree ordering her to be paid in due course of administration. The administrators, in their answer, neither admit nor deny the execution of the notes, but hold the opponent to strict proof of the signatures of the deceased; they deny that the notes have ever been legally presented, or that they have been admitted by any person having authority to do so: and they further plead that the notes have been prescribed by the lapse of time. The opposition was sustained in the court below, and a judgment was rendered in favor of the opponent for the amount claimed, with interest from the death of the deceased; and the administrators have appealed.

I. It is contended that, the execution of the notes has not been sufficiently proved. A witness swears that he has frequently seen the deceased write, and sign his name, and thinks that the signatures to the notes are his. It is true, that the witness does not declare that he knows the signatures to be genuine, nor could he have sworn to more than his belief of their genuiness from his knowledge of the hand writing of the deceased, without having seen him execute the notes, or heard him acknowledge his signatures. C. P. 325. 2 Greenleaf on Ev. s. 576. This testimony, however, is supported by proof of repeated acknowledgments of the deceased to different persons, that he owed the opponent three notes, corresponding in amount with those claimed, and these acknowledgments were continued to within a few days of his death. We think that the execution of the notes has been satisfactorily proved.

II. The ground principally relied upon by the appellants is prescription. Two of the notes ere not drawn payable to order or bearer, and are consequently only subject to the prescription of ten years, applicable to personal actions generally. C. C. 3508. One of them matured on the 1st of March 1837, and the other on the 1st of March, 1838. The third note is payable to order, and matured on the 1st of January, 1840. The plaintiff's opposition was served on the 9th of June, 1847. Thus more than ten years elapsed between the maturity of the first note and the judicial demand, and more than five years elapsed between the maturity of the third note and the service. The opponent relies on acknowledgments of the debt made by the deceased and by his executors, to show interruptions of the prescription with regard to both notes.

The overseer and manager of the deceased says that. he held a conversation with the deceased in relation to the notes in controversy, in February, 1844. The deceased was about to absent himself from the State, for the restoration of his health, which was delicate. He said that he owed the opponent three notes amounting to about $1,700, and that he wished to make a large crop for the purpose of paying them. The notes were not exhibited to the witness when the conversation was held, but he saw them during the same year in the possession of the opponent. The opponent was not present at the conversation. It was a conversation in reference to the business of the deceased, which

he was giving in charge to the witness. Two other witnesses state that the deceased told them repeatedly, in 1844, that he was indebted to his mother, the opponent, by note, for money borrowed, and spoke of his desire to pay the debt, but mentioned neither the number nor the amount of the notes. The last admissions of the debt by the deceased, were made during his last illness, a few weeks previous to his death. He then spoke of it as being due on notes in the possession of his mother. This testimony leaves no reasonable doubt, that the repeated acknowledgments of the deceased were made with reference to the notes now in controversy, the number and amount of which he described. They are distinct acknowledgments of a specific debt, made before prescription had been completed on either of the notes. The objection urged that the acknowledgments were merely verbal, and not made in the presence of the creditor, and therefore did not interrupt prescription, are untenable. Our Code neither requires that the acknowledgments of the debt should be in writing, nor that it should be made in the presence of the creditor, in order to interrupt the prescription. C. C. 3486, 3517. *Erwin v. Lowrey,* 2 An. Rep. 315. We think that the interruptions of the prescriptions pleaded, by repeated acknowledgments of the deceased, have been clearly established. It therefore becomes unnecessary to enquire into the effect to be given to the recognition of the notes by the administrators, or to consider the evidence in relation to the credits endorsed upon them.

The judge did not err in allowing interest from the date of the testator's death, on the two notes which stipulated for no interest. C. P. art. 989.

*Judgment affirmed.*