### R. G. HARPER *v.* COMMERCIAL & RAILROAD BANK OF VICKSBURG.

In a third opposition to a seizure of property, based upon the alleged ownership of such property, the issue to be tried between the third opponent, and the party provoking the seizure, is the fact of ownership.

The third opponent stands in the attitude of plaintiff, and is bound to administer proof of his pretensions, in order to sustain his opposition. But he cannot enquire into the validity of the proceeding between the plaintiff and defendant in the original suit.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J. *Goodrich & DeFrance*, for plaintiff and appellant. *A. R. Hynes* and *H. Short*, for opponent. *J. F. Montgomery*, for defendant.

VOORHIES, J. The plaintiff instituted suit by attachment against the defendant, whom he alleges to be his debtor for the sum of $16,352.

A writ of attachment having issued, the Sheriff seized a judgment entitled *W. P. Anderson* v. *Mark Valentine*, but which the plaintiff, in his petition, alleges to be the property of the defendant. *W. P. Anderson* filed a motion, in which he sets up his right of ownership of this judgment, complains of the consequent illegality of the seizure of his property, and concludes by asking the dissolution of the attachment, with one thousand dollars damages. The plaintiff answered this demand, by setting forth with more particularity the facts connected with the question of ownership.

This motion was tried on the face of the papers. The plaintiff was not allowed to introduce his evidence; and judgment was rendered, dismissing the attachment of the judgment, on the ground that the allegations in the petition did not authorize the seizure of property held in the name of the intervenor.

It is contended, on behalf of *Anderson*, that his application is not in the nature of an intervention, but is, properly speaking, a third opposition. If so, he should have proceeded by means of a petition, which, together with a citation, should

have been served on the party making the seizure, as in ordinary suits. Such opposition is considered as a separate demand, distinct from the suit in which the order was granted. C. P. 398.

In a third opposition, based upon a claim of ownership, the issue to be tried between the third person, who pretends to be the owner of the thing seized, and the party who has provoked the seizure, is the fact of ownership. The third opposer, under the Article cited, stands in the attitude of a plaintiff, and is required to administer proof of his pretensions, in order to succeed in his application. He cannot enquire into the validity of the proceedings as between the plaintiff and the defendant in the original suit, which is a distinct proceeding from such third opposition. In this respect, the judgment of the inferior court is erroneous.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed and annulled, and that this case be remanded for further proceedings according to law, the appellee, *Anderson*, paying the costs of appeal.