### John Coleman *v.* R. H. Brown, Curator, et al.

If the plaintiff in execution send a writ to another parish, the District Court of that parish has juris-diction to issue an injunction on a third opposition, and to try the question raised by it, although the plaintiff in execution resides out of the parish where the injunction suit is instituted.

A third opposition without an injunction, in order to have the effect of annulling the sale, must be commenced as an opposition with an injunction prior to the execution of the writ by a sale of the property seized under it.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J. *Short & Parham*, for plaintiff and appellant. *Sparrow & Montgomery*, for defendant.

LAND, J. The defendant, *R. H. Brown*, as curator, obtained judgment in the Second District Court of New Orleans, against *R. N. Eubank* and *W. H. Garland*, and caused an execution to issue on the same, directed to the sheriff of the parish of Carroll, by virtue of which the sheriff seized, as the property of the defendant in execution, a certain judgment rendered in the suit of *W. H. Garland* v. *W. S. Scott*, in the District Court of said parish. Thereupon, the plaintiff filed, in the District Court of the parish of Carroll, an opposition on the ground of ownership, to the seizure of the judgment by the sheriff, and prayed that the parties in interest, all of whom resided out of the parish, be cited; that upon a final hearing, the seizure be set aside, and he be decreed to be the owner of the judgment seized.

The defendant, without answering to the merits, filed an exception to the jurisdiction of the court, on the ground, that the judgment on which the execution issued, had been rendered by the Second District Court of New Orleans, and not by the District Court of the parish of Carroll, in which court the plaintiff had commenced proceedings by third opposition.

The exception was sustained, and the plaintiff's suit dismissed for the want of jurisdiction in the District Court of the parish of Carroll.

It has been repeatedly held, notwithstanding the provisions of article 397 of the Code of Practice, that, if the plaintiff in execution send a writ to another parish, the district court of that parish has jurisdiction to issue an injunction on a third opposition, and to try the question raised by it, although the plaintiff in execution resides out of the parish where the injunction suit is instituted. *Lawes* v. *Chain*, 4 N. S., 388; *Hobgood* v. *Brown*, 2 A. 323; *Galbraith* v. *Snyder*, Id. 492; *Police Jury* v. *Michel*, 4 A. 84; *Copley* v. *Edwards*, 5 A. 644. The only difference between the cases cited and the present one, consists in the fact, that the plaintiff in this suit did not obtain an injunction on his third opposition to arrest the exe-

cution of the writ, and to prevent a sale of the property seized by the sheriff; and the question presented for our decision is narrowed down to this :

Is a third opponent bound to sue out an injunction, in order to give jurisdiction to the district court of the parish to which a writ has been sent for execution ? The cases above cited form an exception to the rule prescribed by Art. 397 of the Code of Practice ; and the ground of the exception recognized by these decisions is that of necessity created by the circumstances of the case, and not the issue of a writ of injunction at the suit of the third opponent. The object of a third opposition, commenced without an injunction by the owner of property illegally seized, is to annul the sale after it shall have been made, and recover the possession of his property, with damages against the sheriff for its illegal seizure ; and whether the opposition is commenced with or without an injunction, it is equally important for the owner to make his demand before the sale shall have taken place ; because a third opposition without an injunction, in order to have the effect of annulling the sale, must be commenced as an opposition with an injunction prior to the execution of the writ by a sale of the property seized under it ; and, consequently, there is no difference in principle between the case at bar, and those above cited, recognizing jurisdiction in the District Court of the parish to which the writ had been sent for execution.

The facts disclosed in the record make a case of necessity within the previous decisions of this Court, that is to say, a writ issued from a District Court of this city to a remote parish ; and personal property, or a debt claimed by a third party there seized by the sheriff and advertised for sale ; and these facts gave to the District Court of the Parish of Carroll jurisdiction of the plaintiff's third opposition.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be reversed, and this cause remanded for further proceedings according to law ; and that defendant and appellee pay the costs of this appeal.