No. 2101.—JULIUS ARENSTEIN v. E. J. WEBER, Sheriff, and THEODORE BRIERE.

A District Court is competent to issue an injunction against a seizure made by the Sheriff under a fi. fa. or order of sale issued from another parish of the State, and to try the issues raised by the injunction. 5 An. 644; 16 An. 110.

The question of simulation does not arise in a suit by injunction between the seizing creditor and a third opponent who claims the property, unless the seizing creditor shows that he owns or has sold it.

APPEAL from the Seventh Judicial District Court, parish of West Feliciana. *Miller*, J. *Wickliffe & Fisher*, for appellee, *Collins & Leake*, for appellants.

HOWE, J. The plaintiff enjoined the sale of certain merchandise, of which he claimed to be owner, and which had been seized by the defendant, Weber, Sheriff of West Feliciana, under a writ of *fieri facias*, issued out of the Sixth District Court of New Orleans in the case of Theodore Briere v. Joseph Arenstein.

The defendants appeared and moved to dissolve the injunction on the grounds, that the court had no jurisdiction over the writ enjoined, the judgment having been rendered in the Sixth District Court of New Orleans; that no manifest injury would or could arise by the court, refusing to entertain jurisdiction, that the affidavit was insufficient, and that the bond was a nullity for want of United States internal revenue stamps. The court refused to dissolve the injunction, and, as we think, correctly.

The affidavit appears to be in form, and no stamps are by law required on injunction bonds. As to the power of the court to enjoin a writ

issuing from the parish of Orleans, the question seems to have been settled in the affirmative by a series of decisions extending over a period of about forty years.   8 M. 61; 4 U. S. 388; 2 A. 323; Id. 492; 4 A. 84; 5 A. 644; 16 A. 110.

The defendants answered by a general denial, a special denial that the goods seized were the property of plaintiff, and an averment that if any sale of the goods was ever made by Joseph to Julius Arenstein it was simulated and fraudulent, and unaccompanied by delivery.   The case having been tried upon its merits, judgment was rendered in favor of plaintiff, perpetuating the injunction with fifty dollars damages.

The plaintiff established his property in the goods, and as it does not appear that Joseph Arenstein ever owned or sold them the question of simulation is not in the case.   We see no reason to disturb the judgment.

It is therefore ordered and adjudged that the judgment appealed from be affirmed with costs.

Rehearing refused.