LAND, J.
This litigation commenced with the filing of a motion in the Twenty-Fourth judicial district court in and for the parish of West Feliciana, in the suit of L. Szabo v. T. H. Daigre, Twenty-Second judicial district, parish of East Baton Rouge. The motion recites the issuing of a writ of fieri facias in said suit, under which the sheriff of the parish of West Feliciana had seized and advertised for sale certain movables as the property of the defendant T. H. Daigre; that the property so seized belonged to the partnership, composed of T. H. Daigre and August Szabo, known as the Bayou Sara Bottling Works; that the seizure thereof for the debts of the defendant D. H. Daigre is null and void; and that the Bank of West Feliciana had attached and seized the interest of said defendant in said partnership property under process issued in the suit of said Bank v. T. H. Daigre in the Twenty-Second judicial district court; but that, said seizure being subsequent to the pretended seizure under fi. fa. of all the partnership property as aforesaid, the sheriff of said parish pretends to hold said property as under a prior seizure. On said motion it was ordered that the sheriff of the parish of West Feliciana hold the proceeds of the sale of said partnership property in his hands until the interest therein of the defendant attached as aforesaid could be ascertained.
After the sale of the property by the sheriff, the Bank of West Feliciana ruled the sheriff and all parties in interest to show cause why the seizure of the partnership property under the writ of fieri facias issued in the suit of Szabo v. Daigre should not be decreed null and void, and the sale thereof subject to the attachment of Daigre’s partnership interest in the suit of the mover against Daigre in the Twenty-Second judicial district court; and why one-half of the proceeds of the sale should not be decreed and continued to be held subject to mover’s attachment, and the fi. fa. subsequently issued on a judgment obtained by mover in its *912 attachment suit, on the partnership interest of the said T. H. Daigre in the Bayou Sara Bottling Works.
The defendants excepted to the jurisdiction of the court rationé personae and ratione materiee. The exception was sustained, and the rule dismissed. The mover appealed to the Court of Appeal, which affirmed the judgment below. The case is before us on a writ of review.
It appears from the foregoing statement that the seizures and sale of the property were made under writs issued from the district court in and for the parish of Bast Baton Rouge, and that the jurisdiction of the district court in and for the parish of West Feliciana was invoked to distribute the proceeds of the sale.
The general rule is that a third opposition must be made before the court which has granted the order of seizure or the judgment in virtue of which the seizure has been effected. Code. Prac. art. 397.
“Whenever a conflict of privileges arises between different creditors, all the suits and claims shall be transferred to the court, by whose mandate the property on which the privilege or right of mortgage is to be exercised, was first seized on mesne process or definitive execution ; ’ and said court shall proceed to class said privileges and rights of mortgage according to their rank and dignity, in a summary manner, after notifying all parties interested.” Code Prac. art. 126.
Hence under the plain text of the law the opposition of the Bank of West Feliciana should have been filed in the suit of Szabo v. Daigre in the district court of the parish of East Baton Rouge. If the opposition filed -by the opponent in the district court of West Feliciana be considered a suit claiming a privilege, it cannot be decided by that court, but must be transferred to the court under whose mandate the property was first seized. We have been cited to no case and can find none where it has been held that an opposition claiming a preference by reason of a mortgage or privilege can be filed in any other court than the tribunal under whose process the property was first seized.
Counsel for the opponent cites Lawes v. Chinn, 4 Mart (N. S.) 388; Hobgood v. Brown, 2 La. Ann. 323; Arenstein v. Weber, 21 La. Ann. 199; Cavelier v. Turnbull's Heirs, 8 Mart. (O. S.) 61; Galbraith v. Snyder, 2 La. Ann. 492; Copley v. Edwards, 5 La. Ann. 647; Coleman v. Brown, 16 La. Ann. 110. All of these eases, save one, were injunction suits against the execution of judgments rendered in other parishes. In Coleman v. Brown, there was a third opposition, claiming ownership, without an injunction.’ In the same case, the court recognized that the proceeding was an exception to the rule prescribed by article 397 of the Code of Practice, based on the necessity of the case. See, on the question of necessity, the remarks of Merrick, C. X, concurring, in Donnel v. Parrott, 13 La. Ann. 253, in which it was held that the Fourth district court was without jurisdiction to enjoin a fi. fa. from the district court of St. Landry.
In the case at bar the opponent made no claim of ownership to the property seized, but a privilege on the proceeds of the sale by virtue of the seizure under its attachment, at the same time alleging that there had been no legal seizure under the writ of fieri facias of the interest of Daigre in the partnership property, which had been seized as a whole and advertised for sale.
The bank did not oppose the sheriff’s sale of the partnership property, but claimed the right to be paid by preference out of the proceeds of the sale to the extent of the one-half interest therein of Daigre, as a partner. The bank’s allegation that this interest had not been seized under the fi. fa. seems to have been urged for the purpose of defeating the claim of privilege that would have resulted from a prior seizure. Be this as it may, the bank acquiesced in the sale by claiming to be paid by preference out of the *914 proceeds. The only question that remained was the distribution of the proceeds, which the district court of West Feliciana was without jurisdiction to adjudicate. Berard Adsur v. Young, Sheriff, 26 La. Ann. 598; Adams v. Daunis, 29 La. Ann. 320.
It is therefore ordered that the judgment of the Court of Appeal be affirmed, and that the costs of this proceeding be paid by the plaintiff bank.