NO. 7401.

JOHN TULLOS

VS

J. W. HETHERWICK.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

## OPINION.

By His Honor John St. Paul.

Plaintiff had judgment against defendant in the Third Justice's Court of Rapides Parish, and that court issued a writ of **Fieri facias** to the Civil ####### Sheriff of the Parish of Orleans.

Thereunder a garnishment was taken out of the Civil District Court for Orleans addressed to H. & C. Newman who answered that they held two bales of cotton subject to certain charges. The garnishees sold the cotton, deducted their charges, and turned over the balance to the sheriff; to all of which no objection is urged.

Plaintiff ruled the sheriff into #### the Civil District Court to show cause why he should not be paid. Defendant's mother intervened and claimed a lessor's privilege on the cotton or its proceeds. The Sheriff excepted to the jurisdiction of the court on the ground that the writ under which he held had issued out of the Third Justice's Court afor- aid and that court alone had jurisdiction to pass upon the conf.tc&ing claims which might arise over the funds held by him under the writ.

We think the exception well founded. The Code of Practice (Article 126, 397) provides that all conflicting claims shall be passed upon by the court under whose mandate the property was first seized. And it is of no consequence that the seizure was made in a parish other than that in which the court holds its session. Bank vs Clack, 127 La. 909-911.

Nor do we think that the situation is at all affected by the fact that the garnishment proceedings were had in the parish where the seizure was made. These were mere ancillary proceedings intended solely to ascertain the fact, between the seizing creditor and the garnishee, that the latter had in his possession property subject to levy under the writ held by the sheriff. When the fact was ascertained, the jurisdiction of the court before which these ancillary proceedings were had, was exhausted and the sheriff came into possession of the funds by virtue of the writ from the Justice's Court, which court alone has jurisdiction over the conflicting claims arising out of the seizure.

77

The judgment appealed from is therefore reversed, the exception, to the jurisdiction of the Civil District Court is maintained, and it is now ordered that plaintiff's rule and the intervention be dismissed without prejudice to the right of the parties to renew their claims before the Third Justice's Court for the Parish of Rapides, the plaintiff and intervenor each to pay his own costs and plaintiff to pay the costs incurred by the sheriff in connection with the rule, if any.