### (93 South. 918)

### No. 25551.

### GONDRAN et al. v. NELSON CO–OP. ASS'N, Inc.

### In re GONDRAN.

### (Oct. 30, 1922.)

### (Syllabus by Editorial Staff.)

Courts ⬤⟞480(3) — May be granted against seizure under order of sale from another parish.

A district court has jurisdiction to issue an injunction against a seizure made by the sheriff under fi. fa. or order of sale issued from another parish, and to try the issues thereby raised.

Certiorari to Civil District Court, Parish of Orleans.

Suit was brought by Mrs. C. D. Gondran and others against the Nelson Co-operative Association, Inc. Injunctions were applied for by Nicholas Dawson to prevent a sale of property, and pleas of want of jurisdiction overruled, and Mrs. C. D. Gondran and others apply for writs of certiorari and prohibition. Rule to show cause recalled, temporary injunction set aside, and application denied.

152 La.—20

McCloskey & Benedict, of New Orleans, for relators.

Howell, Wortham & Howell, of New Orleans, for respondent.

By the WHOLE COURT.

LAND, J. In suit No. 141097 on the docket of the civil district court for the parish of Orleans, relators obtained an order for executory process, and a writ of seizure and sale was issued by said court to the sheriff of the parish of Ascension, commanding him to seize and sell the Linwood plantation, situated in said parish. The defendant in executory process, the Nelson Co-operative Association, Inc., had purchased this property from relators, and had sold the same cum onere to Nicholas Dawson prior to the application for executory process to the civil district court of the parish of Orleans. When this property was seized in Ascension parish under the writ of seizure and sale issued from the civil district court of the parish of Orleans, Nicholas Dawson applied for an injunction in suit No. 2981 on the docket of the district court of the parish of Ascension, and also later on for an injunction in suit No. 3019 on the docket of said court. Relators unsuccessfully pleaded want of jurisdiction in these suits, and then invoked our supervisory jurisdiction in the present application.

It is well settled that a district court is competent to issue an injunction against a seizure made by the sheriff under a fieri facias or order of sale issued from another parish of the state and to try the issues raised by the injunction. Arenstein v. Weber, 21 La. Ann. 199; Jack v. Harrison & Co., 34 La. Ann. 736; Coleman v. Brown, 16 La. Ann. 110; Copley v. Edwards, 5 La. Ann. 647.

For the reasons assigned, it is ordered, adjudged, and decreed that the rule to show cause herein issued be recalled, and that the order for the temporary stay of proceedings

granted in suits Nos. 2981 and 3019 on the docket of the Twenty-Seventh judicial district court be set aside, and it is now ordered that relators' application for writs of certiorari and prohibition herein be denied and rejected, at relators' cost.

ST. PAUL, J. I concur for the reason that Dawson, the plaintiff in injunction, was (notwithstanding the pact de non alienando) a third possessor of the property seized. Bank v. Miller, 44 La. Ann. 199, 202, 10 South. 779. Even his assumption of the mortgage did not change his status as such; since this was not accepted, but ignored, by the mortgagee, who elected to proceed directly against the original mortgagor. 44 La. Ann. 206, 10 South. 779. He is not "the defendant" in the suit.