ODOM, Justice.
 

 Act No. 6 of 1932 (section 1) requires of all persons, firms, or corporations engaged in the business of manufacturing, generating, or selling electricity for heat, light, or power in this state, and engaged in certain other businesses, to pay an excise or license tax. Section 6 of the act provides that if such tax is not paid, the supervisor of public accounts shall make and cause to be recorded in the mortgage records of the parish, where such person, firm, or corporation is engaged in such business or occupation, a
 
 *120
 
 statement under oath showing the amount of the tax due, “which statement when filed for record shall operate as a first lien, privilege and mortgage on all of the property of the * * * tax debtors as the case may be, and said property shall be subject to seizure and sale for the payment of said excise, license or privilege tax due.”
 

 Section 8 of the act requires the sheriff of the parish where the lien is recorded, when requested to do so by the supervisor of public accounts, to seize and to sell the property of the tax debtor, after due notice, for the payment of the excise tax.
 

 Plaintiff is a corporation, having its place of business in the parish of Ouachita. It is engaged in manufacturing, generating, and selling electricity, and other businesses. The supervisor of public accounts made up a statement under oath, setting out that plaintiff was due the sum of $7,316 as excise or license tax for the year 1932, and caused the statement to be filed and recorded in the parish of Ouachita. Due notice thereof was given the plaintiff, but it failed to pay the tax. The supervisor then requested the sheriff of Ouachita parish to collect the tax, and, in obedience to the request, he seized all of plaintiff’s property in that parish, alleged to be worth $800,000, and advertised it for sale.
 

 Whereupon the plaintiff brought injunction proceedings in the district court for the parish of Ouachita, against the sheriff of that parish, to prohibit the sale of its property, making the supervisor of public accounts a party. As a cause of action, plaintiff alleged, among other, things, that the tax levied against its property was illegal, null, and void for various reasons, and especially because Act No. 6 of 1932, under which it was levied, is unconstitutional. It prayed that the said excise or license tax be decreed illegal; that the inscription of the lien be erased from the records; and that the sheriff be permanently enjoined from proceeding further with the sale proceedings.
 

 Both the sheriff and the supervisor of public accounts excepted to the jurisdiction of the court, ratione person®, on the ground that under the law the supervisor of public accounts is required to and does maintain her office at the state Capitol in the parish of East Baton Rouge, where her official acts are performed, and that suit for the cancellation of the tax should be brought in that parish and not in the parish of Ouachita, the contention being that the supervisor is the real defendant, the sheriff being only a nominal party having no real interest in the suit
 

 The exception to the jurisdiction was finally overruled, and the supervisor applied to this court for a writ of prohibition. The writ was granted with a stay order and the judges of the Fourth judicial district court for the parish of Ouachita were ordered to send up the record in order that the validity of the proceeding might be inquired into, and to show cause why they should not be prohibited from proceeding further with the case.
 

 The only question before us at present is whether the Fourth judicial district court for the parish of Ouachita has jurisdiction ratione person® in the premises.
 

 The ruling of that court in maintaining its jurisdiction is sanctioned by reason and
 
 *122
 
 supported by precedent. Plaintiff is engaged in business in the parish of Ouachita and its property is there. The lien is recorded there and there it has effect against the property of the alleged debtor, and it is there that an attempt is being made to enforce it. The method set up by the act to enforce payment of the tax is the seizure and sale of the property of the tax debtor, and, if a sale is made, it must be made where the property is situated. In sum, the enforcement or execution of the lien which came into existence by virtue of the recorded sworn statement made by the supervisor of public accounts must take place in the parish of Ouachita, where the property is situated.
 

 It is alleged, and not denied, that if the sheriff of Ouachita parish is not restrained by the court, he will sell plaintiff’s property, and it is alleged that a sale of plaintiff’s property under this process will result in irreparable injury to it. It is manifest that plaintiff’s only remedy was to enjoin the executing officer, the sheriff, from making the sale. The real object of the suit therefore was to obtain the injunction and the issue as to the validity of tax was raised by the injunction.
 

 Section 6, Act No. 6 of 1932, says that a statement made under oath by the supervisor setting forth the amount of tax claimed, when filed for record, operates as a first lien or mortgage on the property of the tax debtor, and that said property shall be subject to “seizure and sale for the payment of said excise, license or privilege tax.” The method for the collection of this tax partakes of the nature of a judicial seizure and sale .and it is well settled that sales under any kind of judicial process may be enjoined in the parish where the seizure is made and the sale is about to take place, even though the sale was ordered or the writ issued by a court of another jurisdiction. In Copley v. Edwards, 5 La. Ann. 647, it was held that where a writ has been issued in one parish, directed to the sheriff of another parish for execution, the execution may be enjoined in the courts of the latter parish, and in the case of Condran v. Nelson Co-Op. Ass’n, Inc., 152 La. 609, 93 So. 918, the court said:
 

 “It is well settled that a district court is competent to issue an injunction against a seizure made by the sheriff under a fieri facias or order of sale issued from another parish of the state and to try the issues raised by the injunction.” Citing Arenstein v. Weber, 21 La. Ann. 199; Jack v. Harrison & Co., 34 La. Ann. 736; Coleman v. Brown, 16 La. Ann. 110 ; and Copley v. Edwards, supra.
 

 In Donnell v. Parrott, 13 La. Ann. 251, Chief Justice Merrick said in his concurring opinion:
 

 “The cases in which this court has sanctioned injunctions issuing in other parishes than those where the judgments were rendered, were those in which manifest injury would have been done had they not been allowed. In the language of the court, they were allowed ex necessitate rei.” Citing Lawes v. Chinn, 4 Mart. (N. S.) 388, 390; Oger v. Daunoy, 7 Mart. (N. S.) 656, 659; Hobgood v. Brown, 3 La. Ann. 323; Police Jury of West Baton Rouge v. Michel, 4 La. Ann. 84.
 

 The rule announced in the above-cited cases and the reason for it are applicable
 
 *124
 
 to mases like the one presently under consideration.
 

 But the court has established another rule which is equally applicable here, and that is that where an assessment for taxing purposes is made by a state board or agency, a suit to have such assessment decreed illegal, null, and void may be brought in any parish where the property affected is situated, even though such board or agency has its domicile at the state Capitol.
 

 The case of New Orleans, Great Northern R. Co. v. Thomas, Assessor, et al., 129 La. 128, 55 So. 787, 739, in all its aspects is practically on all fours with this one. In that case the plaintiff brought suit in the parish of St. Tammany against the assessor and the tax collector for that parish and the state board of appraisers, and the town authorities of Abita, praying for judgment decreeing null and void the action of the state board of appraisers in assessing its railroad for taxes for. 1910, and to compel the cancellation of all taxes on its property assessed for that year.
 

 All defendants excepted to the jurisdiction of the court ratione person®, setting up the plea that a suit to set aside an assessment made by the state board of appraisers should be brought against the board at its domicile in Baton Rouge. The district court sustained the plea to the jurisdiction and dismissed plaintiff’s suit. The judgment was reversed, this court saying:
 

 “We have not found that it is the duty of the Board of Appraisers to compel the taxpayer in actions of nullity to resort for the assertion of his rights to the place at which the Board of Appraisers has its domicile.
 

 “Although it has its domicile at the capital, its jurisdiction extends over all the state, and when that jurisdiction is questioned, or it is deemed that the board is in error wherever the collection of a tax that is null and void is attempted, the court at the domicile of the taxpayer has, under our construction, the jurisdiction to act, provided the board is made a party.
 

 “The board makes returns to the different parochial and municipal authorities of the-property assessed and its valuations to the respective jurisdiction. See section 6 of Act No. 106 of 1898. '
 

 “It having made return to the local authorities, the action to annul may be brought in the parish in which the property is assessed, and, as it is returnable to the locality where assessed, if there be illegality in the proceedings, it may be brought to the attention of the court at the place where the property was assessed.”
 

 To the same effect is the ruling, in the case of State ex rel. Gaynor v. Young, Judge, 38 La. Ann. 923, see page 928.
 

 The reason for the rule is that when property is seized and about to be sold under-process of this kind, the alleged debtor must arrest the sale in order to obtain relief, for if he allows his property to be sold and the tax collected, he has no remedy under the act to recover the amount, even if the tax should be held to be illegal. The suit for injunction is, therefore, the main demand and the invalidity of the tax is pleaded as a ground for the injunction. The court of Bast Baton Rouge parish, where the supervisor has her official domicile, would
 
 *126
 
 have no jurisdiction to arrest a sale about to take place in Ouachita.
 

 If the sole purpose of the suit had been to reduce the assessment made by the supervisor, or to correct it, the court at her domicile would have had jurisdiction, because she made .the assessment there, and, if a change should be made, she would have to make it there, and the suit should be brought where she performs her official functions. New Orleans, G. N. R. Co. v. Thomas, Assessor, et al., supra.
 

 But in this case, the supervisor did more than make the assessment; she caused it to be filed and recorded in the parish of Ouachita, where the property affected is situated, and caused the sheriff to seize and advertise it for sale.
 

 Eor the reasons assigned, the writs heretofore issued and granted are now recalled and vacated and relator’s application is dismissed.