## GEORGE SLIMAN & CO. v. HEMPERLY (HEMPERLY, Intervener).

### No. 1605.

Court of Appeal of Louisiana. First Circuit. June 9, 1936.

Woosley & Cavanaugh, of Leesville, for appellant.

Dickson & Denny, of Shreveport, for appellee.

OTT, Judge.

On October 17, 1930, the plaintiff company secured a judgment against the defendant, R. T. Hemperly, in the district court of Vernon parish for the sum of $753.82, with interest and cost, subject to certain credits. Plaintiff had a writ of fieri facias issued on said judgment out of the district court of Vernon parish directed to the sheriff of Beauregard parish for execution. In connection with the execution of said writ, plaintiff filed a petition in the district court of Beauregard parish alleging that it was informed and believed that the City Savings Bank & Trust Company, domiciled in the parish of Beauregard, was indebted to the defendant, R. T. Hemperly, or had property in its possession belonging to him, and asked that said bank be made garnishee in the suit and cited to answer the usual interrogatories.

The said bank was cited as garnishee and answered that it had on deposit subject to check the sum of $490.01 in the name of said R. T. Hemperly. Under said writ of fi. fa. the sheriff of Beauregard parish also seized certain real estate in said parish, but the seizure of the real estate was released, leaving the deposit in said bank as the only matter in controversy.

Claiming to be the owner of the money garnished in the City Savings Bank & Trust Company, R. F. Hemperly, the son of R. T. Hemperly, the judgment debtor, filed an intervention and third opposition in the garnishment proceedings in Beauregard parish. The third opponent alleges in his third opposition that he sent the money garnished to the defendant, R. T. Hemperly, as his agent, which money was to be used by his father as his agent in improving some property owned by the opponent at Ludington, near De Ridder, and to replenish the stock of goods in a small store which his father was operating for him at that place. Third opponent also claimed damages for loss of trade in the store and for attorneys' fees, all on account of said seizure, which damages he claims in the sum of $600.

Plaintiff filed an exception to the jurisdiction of the court of Beauregard parish to pass on the claim of the third opponent on the ground that the district court of Vernon parish, which court rendered the judgment, was the proper court to pass on said opposition. This exception was overruled. Plaintiff answered the intervention and third opposition of R. F. Hemperly, denying that he is the owner of the money on deposit in said bank in the name of R. T. Hemperly, and averring that said money is the property of their judgment debtor, R. T. Hemperly.

Judgment was rendered in favor of the intervener and third opponent decreeing him to be the owner of said money on deposit in said bank in the name of R. T. Hemperly and ordering same turned over to him. Plaintiff has appealed.

No mention was made in the judgment about the claim of third opponent for damages, and, as no amendment of the judgment in that respect is asked for in this court, this claim passes out of the case.

## Exception to Jurisdiction.

Learned counsel for plaintiff urge in this court the exception to the jurisdiction of the district court of Beauregard parish, and insist that the claim of ownership of the third opponent to the property garnished in the parish of Beauregard can only be determined by the Vernon parish court in which the original judgment was rendered. They contend that the district court of Beauregard parish is limited to ascertaining whether or not the garnishee in that parish holds any property subject to the writ issued out of the Vernon parish court, and that any conflicting claims relative to said property must be referred to the court in which the original judgment was rendered and which court has control of the execution of the judgment.

As the third opponent claims to be the owner of the money seized, his claim is purely and simply a third opposition. Code Prac. art. 396. That being true, such opposition must be made before the court granting the order of seizure or rendering the judgment under which the seizure was made. Code Prac. art. 397. However, there are well-recognized exceptions to this rule. One of these exceptions is, where a fieri facias is directed to the sheriff of another parish and property is seized under the writ in a parish other than the one in which the judgment was rendered, the court of the parish where the seizure is made and the property located has the right to pass on the claim of a third person claiming ownership of the seized property. Gondran v. Nelson Co.-Op. Ass'n, 152 La. 609, 93 So. 918; Coleman v. Brown, 16 La. Ann. 110; Jack v. Harrison, Jr. & Co., 34 La.Ann. 736.

In the present case the district court of Beauregard parish had jurisdiction to pass on the claim of third opponent. The exception was properly overruled.

### On the Merits.

The sole remaining question in the case is whether or not the amount of $490.01 on deposit in the City Savings Bank & Trust Company in the name of R. T. Hemperly belonged to him or to his son, R. F. Hemperly. For the sake of brevity, we will call the third opponent the son and the principal defendant the father.

On August 1, 1935, the son sent his father a check for $525, drawn by the son on a Shreveport bank, which check was payable to the order of the father. At the time the son was the treasurer of the Tri-State Transit Company of Shreveport. The father was operating a small store and filling station at Ludington, near De Ridder, on property standing in the name of the son. The check above referred to was sent from Shreveport by the son to the father at Ludington by one of the transit company's busses along with a letter to the father instructing him how to use the money. We quote the following from that letter.

"Some time ago when you were up here you spoke to me about the condition of the residence and the filling station you are occupying at Ludington. You stated that the house or residence needed a new roof, screens and painting both outside and inside. You also stated that the filling station needed painting on the outside and inside. I believe that you said it would cost around $350.00 or $400.00 for labor and material for these improvements.

"I am really not in a position to have this work done right now but have decided to go ahead and have necessary repairs made as it would be lots easier to dispose of if it were in first class condition.

"I am attaching hereto my check for $525.00 and you may deposit it in your name in a DeRidder Bank and make withdrawals from this amount for necessary materials and labor in connection with the necessary repairs. If there is any amount left over after the repairs are made, you may use it for a supply of gasoline and oil and also for restocking the station with whatever necessary groceries you may need."

On August 5, 1935, the father deposited this check in his name in the City Savings Bank & Trust Company, less $25 cash, which latter amount he testifies was used by him in paying some debts due by the store. He drew two checks on the deposit, one for $10 to the Texas-Joy Coffee Company, which check was paid, and one to Swift & Co., which was not paid. The garnishment appears to have been served on August 23d, almost three weeks after the deposit was made. The father explains the delay in making the repairs by saying that he had spoken to a Mr. Sims, who was to make an estimate of the cost; that he was working on a gin, and, as soon as he finished that job, he was going to see about making the repairs.

It is contended by plaintiff that the deposit of the money in the bank by the father in his name created the relation of creditor and debtor between the father and the bank, and therefore, as to plaintiff, its judgment debtor was a creditor of the bank. It is true that an irregular deposit in a bank subject to check creates the relation of creditor and debtor between the depositor and the bank. Such is the relation between the depositor and the bank, but there is nothing to prevent a third person having an interest from showing that the cash money, or its representative, so deposited belongs to him and that the money is on deposit in the name of another in a fiduciary relationship. See D. T. & A. T. Lee v. First Nat. Bank, 18 La.App. 586, 139 So. 63. The money on deposit in the garnishee bank did not lose its character as property so as to prevent the owner from showing that the money belonged to him, even though it was on deposit in the name of his agent.

It is true that there are some rather suspicious circumstances connected with the claim of the son. He admits receiving $710 from a mineral lease on property in which his father had a half interest. The lease was made two or three weeks before the check for $525 was sent by the son to the father, and the lease and draft for $710 were sent to the father by the son to sign and return to him. The inference might arise that, as the father had an interest in the $710, the check for $525 was part of that amount. The son explains this by saying that his father owed him a considerable sum and he had been helping his father along from time to time. It is also shown

that the son handled all matters pertaining to the lease. We have already mentioned the fact that the father had not begun the repairs before the money was seized, although some three weeks had elapsed. It is also noticeable that the father used some of the money for his own account and in paying the bills of the store.

■ However, these rather suspicious facts do not overcome the probative force of the letter which accompanied the check, written, as we must assume, at a time when the son did not anticipate a seizure of the money, as the letter itself shows that the money was to be deposited in a bank in De Ridder and drawn out for the purposes specified in the letter of instruction. Of course, it is possible that the son had in mind the seizure of the money under the judgment against his father when he wrote the letter, or, worse still, it is possible that he wrote this letter after the seizure was made. In such a case, the letter would be the worst form of a self-serving statement. But we have no right to make any such assumption.

We do not find sufficient error in the finding of fact of the trial judge to justify us in disturbing the judgment.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.