**ETHRIDGE–ATKINS CORPORATION v. JOHNSON.**

No. 5676.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1938.

Jacques L. Wiener, of Shreveport, for appellant.

James A. Van Hook, of Shreveport, for appellee.

TALIAFERRO, Judge.

Webb Johnson, who resides without the City of Shreveport, Louisiana, through an in rem action in the City Court of that city, on August 17, 1937, procured a money judgment against Mrs. R. N. Potts, a nonresident. Jurisdiction was effected by attachment of a Dodge sedan located in said city, alleged to belong to defendant. The car was seized by the City Marshal under a fieri facias issuing on said judgment, advertised for sale and sold· to satisfy said writ. On August 20, 1937, prior to seizure under the fieri facias, the Ethridge-Atkins Corporation instituted suit, evidently intended to be, and which is in effect, a third opposition, against Johnson and the City Marshal in which it is alleged that the

seized car at no time was the property of Mrs. Potts, but, on the contrary, at the time of the levy of the attachment and prior thereto, belonged to it. Third opponent prays for judgment recognizing its ownership of the seized car and that Johnson and the marshal be ordered to release it from seizure and to deliver it to opponent. Judgment for $100 against Johnson alone is prayed for as attorney's fee incurred in filing the opposition to procure release of the car, etc. No injunction was asked to restrain the sale of the car; in fact, it had not been seized under the fieri facias when the opposition was filed.

Webb Johnson excepted to the City Court's jurisdiction ratione personæ. The exception was sustained and the opposition dismissed. Third opponent appealed. Here, a motion to dismiss the appeal for lack of jurisdiction ratione materiae has been filed.

■ The motion to dismiss is not well founded. The main issue in the case is the ownership of the car. Harper v. Commercial & R. Bank of Vicksburg, 15 La. Ann. 136. Its value is not disclosed in the petition, but to meet the issue raised by the motion to dismiss, appellant has filed in this court affidavits of used car appraisers who had knowledge of the value of the Dodge sedan at the time it was attached, and who say it was then worth $220. We are warranted in considering such ex parte evidence in determining the jurisdictional question tendered by the motion. Murff v. Louisiana Highway Comm., 180 La. 664, 157 So. 383; Ducre v. Milner, 175 La. 897, 144 So. 610.

■ The demand for $100 to cover counsel fee is merely incidental to the question of the car's ownership.

We are not favored with brief on behalf of appellee in support of his plea to the jurisdiction of the City Court, but from the contents of the plea and the brief of appellant, it is obvious that because he is not a resident of nor domiciled within the City of Shreveport, nor of the ward wherein it is located, he is not subject to its jurisdiction in this particular case. In other words, that the third opposition should have been filed in the District Court. We are unable to concur in this position.

Article 395 of the Code of Practice, anent the third opposition, says: "This opposition is a demand brought by a third person not originally a party in the suit, for the purpose of arresting the execution of an order of seizure or judgment rendered in such suit, or to regulate the effect of such seizure in what relates to him."

And Article 396 amplifies No. 395, by declaring:

"Such opposition may take place in two cases:

"1. When the third person making the opposition pretends to be the owner of a thing which has been seized.

"2. When he contends that he has a privilege on the proceeds of the thing seized and sold."

Article 397 has reference to the forum for such a proceeding. It reads as follows: "This opposition must be made before the court which has granted the order of seizure or the judgment in virtue of which the provisional seizure has been effected."

Article 398 declares that if the opposition has for its object the wresting of property owned by the opponent from its illegal seizure for the obligation of the judgment debtor, " * * * it must be done by means of a petition, which, together with a citation, must be served on the party making the seizure, as in ordinary suits; *but such opposition shall be considered as a separate demand, distinct from the suit in which the order was granted * * *.*" (Italics ours).

■ It is not necessary to the efficacy of such an opposition that it be supported by prayer for and issuance of a writ of injunction arresting sale of the seized property. Code of Practice, Article 400; Tilly v. Woodham, La.App., 166 So. 876.

Some cases have arisen wherein the ownership of seized property was drawn in question, and in which third oppositions filed in courts other than that from which the execution or order of seizure issued, were maintained. Such cases presented exceptional facts and ex necessitate were sustained. San-I-Baker Corporation v. Magendie, 157 La. 643, 102 So. 821; Bank of West Feliciana v. Clack, 127 La. 909, 912, 54 So. 145; State ex rel. Osborn v. Houston, Judge, 35 La.Ann. 538; Arenstein v. Weber, 21 La.Ann. 199; Coleman v. Brown, 16 La.Ann. 110; Donnell v. Parrott, 13 La.Ann. 251.

■ Aside from exceptional cases, the provisions of Article 397 of the Code of Practice are strictly observed. The reasons for so doing are obvious.

We are of the opinion that the third opposition was properly filed in the court a quo and therefore the plea to its jurisdiction is not tenable.

For these reasons, the judgment appealed from is annulled, reversed and set aside; this case is remanded to the court a quo for further proceedings. Costs of appeal are assessed against appellee; other costs shall await final determination of the case.