This is a suit for an injunction to restrain the sale of an automobile seized and advertised under writ of executory process issued by the Second District Court in and for Bienville Parish.
Coupled with the action for injunction is a redhibitory action seeking to rescind the sale of the automobile on the ground of the existence of latent defects. The petition also alleges failure of consideration and fraud as the basis for injunction.
The defendants are J.A. Nugent, sole owner of the Home Finance Company, which Company was the seizing creditor in the proceeding for executory process, and the Olla Motor Company, Inc. The Monroe Automobile Supply Company, Inc., appears in answer to a call in warranty by the Olla Motor Company, Inc.
There was judgment in favor of plaintiff and against the defendants, J.A. Nugent, Home Finance Company and Olla Motor Company, Inc., allowing a diminution of the purchase price of the automobile to the extent of $300, together with judgment in like amount in favor of the named defendants against the warrantor. There was further judgment permanently enjoining the defendants, Nugent and Home Finance Company, and the Sheriff of Bienville Parish from any proceeding to sell the automobile for a sum in excess of $818.40, which was the entire credit portion of the original purchase price, less certain credits for amounts paid, and less the amount of $300 allowed in diminution of the purchase price.
From this judgment all parties, plaintiffs, defendants and warrantor, have appealed.
With regard to the facts, the record discloses that H.G. Toms, plaintiff in this suit, after some preliminary negotiations conducted exclusively with the defendant, Nugent, concluded a trade to buy a 1941 Model Mercury automobile. The car was delivered to Toms by the Olla Motor Company, Inc., on February 4, 1941, for a price of $1,318.40, on which sum $500 was credited as cash received on delivery, represented by the trade-in value of the purchaser's old car, and the balance of $818.40, represented by one note payable in 24 monthly installments, chattel mortgage and vendor's lien being retained.
Subsequently the note was purchased by the Home Finance Company, which was an investment company entirely owned and operated by J.A. Nugent. The note and chattel mortgage were duly assigned by the Olla Motor Company, Inc.
On August 20, 1941, Home Finance Company filed suit in the second Judicial District Court in Bienville Parish for writs of executory process, and on the same date order was signed for the issuance of such writ, said suit being number 12,368 on the docket of the Court.
Pursuant to the order the automobile in question was seized and advertised for sale, the date of said sale being fixed for September 27, 1941.
On September 17, 1941, plaintiff filed this suit, No. 12,384 on the docket of the Second Judicial District Court in and for Bienville Parish. *Page 715 
An exception to the jurisdiction ratione personae and ratione materiae, and an exception of wrongful cumulation of actions, were filed by J.A. Nugent, which exceptions were overruled.
After hearing on rule nisi there was judgment ordering issuance of a preliminary writ of injunction.
Before answering to the merits, exceptions to the jurisdiction ratione personae and ratione materiae, and exceptions of wrongful cumulation of actions, were filed on behalf of all defendants, and rights under the exceptions were reserved in the answers subsequently filed. Exceptions of no right or cause of action were also filed on behalf of the warrantor, and the defendants, Nugent and Home Finance Company.
All exceptions were overruled, and after trial on the merits judgment was rendered as above set forth.
The numerous exceptions filed must first be considered.
We do not believe the exceptions of wrongful cumulation of actions are pertinent with reference to plaintiff's petition. The authorities appear to be in complete accord in defining the improper cumulation of actions as being the attempt to join in one proceeding inconsistent causes of action. In cases where several demands are improperly cumulated, the plaintiff must be called upon to elect which remedy he will prosecute.
In the case before us the plaintiff is attempting to protect his right to injunction by asserting certain grounds which entitle him to injunctive relief. In the course of establishing his right to injunction it is essential that he be permitted to establish the source of such right.
Where there is no inconsistency in the remedies sought by plaintiff, and where the demands arise from the same cause of action, there is no improper cumulation. The exceptions of wrongful cumulation were properly overruled.
The exceptions to the jurisdiction ratione materiae are not urged, and indeed have no foundation, and for that reason will be disregarded.
The exceptions as to the jurisdiction over the persons of the defendants do, however, raise a serious question which is entitled to thorough consideration.
Briefly stated, the defendants, exceptors, assume the position that plaintiff's main demand is a redhibitory action seeking the rescission of the sale of an automobile, together with the restoration of the purchase price already paid, and relief from payment of the balance. The grounds for the exception are simple in that it is maintained, and not denied, that the defendant, Nugent, is a resident of Winn Parish, the defendant, Home Finance Company, is domiciled in La Salle Parish, and Olla Motor Company, Inc., also is domiciled in La Salle Parish. Therefore, it is contended that the District Court of Bienville Parish can exercise no jurisdiction over the named defendants. That this would be true in the case of an ordinary suit or demand admits of no dispute, but the present matter also involves a proceeding for injunction which is embodied in plaintiff's petition.
There can be no doubt as to the right of plaintiff to seek an injunction to prevent the sale of the automobile in question under executory process issued in Bienville Parish. This principle is well established by a long line of cases from which we cite; Galbraith v. Snyder, 2 La.Ann. 492; Coleman v. Brown, 16 La.Ann. 110; Phillips v. W.T. Adams Machinery Co., 52 La.Ann. 442, 27 So. 65; Gondran v. Nelson Co-Op. Ass'n, 152 La. 609, 610, 93 So. 918; Arkansas-Louisiana Pipe Line Company v. Coverdale,181 La. 117, 158 So. 640.
It remains to be determined whether the redhibitory action as such is so extraneous and irrelevant to the relief by injunction as to fail to support the unquestionable jurisdiction that is conferred with regard to the injunction.
It must be pointed out in the very beginning that the defendant, J.A. Nugent, is the Home Finance Company, for he so alleged in the petition for executory process filed against H.G. Toms, which petition is a part of the record. Nugent and the Home Finance Company are in Court under their suit for executory process. Toms applies for an injunction to restrain the sale, and in making his application by petition, of necessity brings his suit in the court out of which the executory process has issued.
It is an essential element of Toms' proceeding for injunction that he set up the rights under which he claims injunctive relief. This obligation he fulfills by alleging the existence of latent defects in the automobile and claiming his right to a rescission. *Page 716 
Because it is requisite that the basis of plaintiff's right to injunction be established, we are of the opinion that jurisdiction as against Nugent and the Home Finance Company is maintained both as to the action for injunction and the demand for rescission. These two defendants have availed themselves of the jurisdiction of the Court for the purpose of enforcing their rights to executory process, and while it is true that this has been done because the debtor was a resident of such Parish, nonetheless, the action was begun in this jurisdiction. The debtor, seeking to protect his right, also properly avails himself of the same jurisdiction for the purpose of procuring an injunction restraining the sale of his property. Coupled with the injunction are the allegations of his petition seeking a rescission, but they are essential elements of the principal action, which is the suit for injunction. In the Coleman and Gondran cases, above cited, we note that the Court, in addition to reiterating the right to injunction, carries the principle even farther by maintaining the jurisdiction of the Court in such instance "to try the issues thereby raised." To refuse to recognize the jurisdiction over the persons of these two defendants would have the effect of confounding one of the important principles of procedural law, which is designed to simplify rather than to confuse, to reduce to essentials rather than to add a multiplicity of details.
Where the basis of an action is the right to injunction, over which action a given court has jurisdiction, we are of the opinion that the jurisdiction extends to the persons of the defendants with regard to all related matters incidental to the establishment of the right to injunction. It follows that this jurisdiction confers upon such court the power of determining all such related issues and pronouncing judgment thereupon.
Not so as to the defendant, Olla Motor Company, Inc., and the warrantor, Monroe Automobile Supply Company, Inc. Neither of these parties was involved in the suit for executory process which gave rise to the proceeding by injunction, and since the injunction proceeding is the basis for the acquisition of jurisdiction, it should not extend to those who were not involved in the inception of these proceedings.
In our opinion the demand for injunction and the establishment of the grounds therefor cannot be disassociated. Neither can the plea of failure of consideration be separated from the action of rescission.
We find that the exceptions to the jurisdiction were properly overruled as to the defendants, Nugent and Home Finance Company, but as to the defendant, Olla Motor Company, Inc., the exception to the jurisdiction ratione personae must be sustained.
Inasmuch as the maintenance of the exception effects the dismissal of plaintiff's suit as to the Olla Motor Company, Inc., it necessarily follows that such defendant's warrantor, Monroe Automobile Supply Company, Inc., is also released from liability since there was no warranty on the part of the Monroe Automobile Supply Company, Inc., except as to the defendant, Olla Motor Company, Inc.
The exceptions of no right or cause of action were predicated upon the argument that plaintiff's petition set forth no reason or cause for the injunction. This contention, for obvious reasons, was not seriously urged since the petition discloses not one but several grounds which, if established would serve as basis for the right to injunction.
On the part of the defendants, Nugent and Home Finance Company, it is strenuously urged that Home Finance Company is a holder in due course of the note involved, and, therefore, is free from defenses available to prior parties among themselves. In the ordinary course it must be conceded that this defense would be meritorious, but under the peculiar facts of this case we do not find that the position is tenable.
The defendant, Nugent, is so closely identified with all the negotiations involved in these several transactions and their subsequent ramifications that he as an individual cannot escape personal liability simply because of his other several and various capacities.
Neither the conveniences of sole ownership of one business, nor the legal fiction of corporate entity of another, can serve to relieve an individual of responsibilities and obligations which he has personally incurred.
Nugent's contention, resolved into the simplest form, is that he acted for the Olla Motor Company, Inc., as President, for the Home Finance Company as sole owner, and for himself in his own individual capacity *Page 717 
as the owner of substantial investments in both these concerns. Yet it is argued that Nugent never knew and was never legally aware in any one of these identities of the acts of either of the other Nugent alter egos. The Biblical injunction to "let not thy left hand know what thy right hand doeth", difficult as it is of practical achievement, fades into insignificance beside such a feat of Jeckyll and Hyde legerdemain. Crowell Spencer Lbr. Co. v. Hawkins, La.App., 174 So. 151.
Where the maker of a negotiable note establishes a failure of consideration, the burden is upon the holder to prove that he is a bona fide holder in due course. Tolmas v. Norwood, 15 La.App. 492, 132 So. 148; Stevens v. Sonnier, 11 La.App. 398, 122 So. 894.
The defendant, Nugent, did not fulfill this requirement to the satisfaction of the Judge a quo, and we do not find sufficient ground upon which to differ from the conclusion reached by the trial judge.
The sole remaining defense on the part of Nugent and Home Finance Company rests upon the claim that the vices complained of did not exist at the time of the sale, which claim involves a pure question of fact which must be determined from the testimony.
The testimony in this case as to the facts is involved, repetitious and conflicting to such an extent as almost to preclude any consistent and certain determination. We are convinced that the judgment of the lower court, insofar as the amount of diminution of price allowed is concerned, was based upon the desire to reach a conclusion that would do substantial justice as between the parties. In respect to such purpose, and in view of the fact that there is insufficient ground for finding error to an extent that would justify a different conclusion, we accept the amount established as a fair measure of the relief sought.
The trial Judge had the witnesses before him, observed them as they testified, and was in a far better position to weigh correctly the testimony than are we.
For the reasons stated, the judgment of the lower court is amended to the extent that the exception to the jurisdiction ratione personae on the part of Olla Motor Company, Inc., is sustained, and, accordingly, there is judgment dismissing this suit as to the defendant, Olla Motor Company, Inc., and the warrantor, Monroe Automobile Supply Company, Inc. There is further judgment taxing costs incurred in both Courts by Olla Motor Company, Inc., and Monroe Automobile Supply Company, Inc., against plaintiff in injunction. All other costs of both Courts to be borne by defendants, J.A. Nugent and Home Finance Company. As amended, the judgment of the lower court is affirmed.