CULPEPPER, Judge.
In this suit the plaintiff alleges that it is the holder in due course and owner of a certain promissory note in the sum of $518.-40 of date, February 8, 1960, made by the defendant, Virginia G. Walsh, payable to the order of Star Furniture, in 24 monthly installments, payment of which note is secured by a chattel mortgage on certain household furniture. Plaintiff seeks judgment for the total amount of the note, together with interest, attorney’s fees and court costs, and prays further that its lien and privilege on the household furniture be recognized and enforced. In her answer, the defendant admits signing the note in question, but alleges that her signature thereto was obtained through fraud and deceit and without consideration. Defendant specifically denies that the plaintiff is a holder in due course, on the grounds that at the time the note was negotiated to plaintiff it had full knowledge of the failure of the consideration for said note.
After trial on the merits the lower court found that defendant had proved a failure of consideration, thereby placing on the plaintiff the burden of proving that it was the holder in due course, which burden plaintiff had not sustained. From a judgment rejecting the demands of plaintiff in their entirety, the plaintiff now prosecutes this appeal.
The facts show that on Saturday, February 6, 1960, defendant went to the Star Furniture Store in Lake Charles where she looked at a Willett Furniture Company catalogue and picked out a triple dresser, a mirror and a headboard for a bed which she asked Mr. Miller (manager of Star Furniture) to order for her. At the same time, she purchased a mattress and box springs which Miller had in the store. The total price of all of these items of furniture was $556.51. The uncontradicted testimony of Mrs. Walsh shows that on this occasion Mr. Miller required that she make a down payment of $56.61, which covered the cost of the mattress and box springs, and that she then signed in blank the act of chattel mortgage and note herein sued on which she understood was to cover only the remaining items of furniture which were to be ordered by Mr. Miller and would not arrive for approximately six weeks.
After Mrs. Walsh left the Star Furniture Store, Mr. Miller filled in the act of chattel mortgage covering not only the mattress and box springs which Mrs. Walsh had purchased, but also the triple dresser, mirror and bed which Miller was to order. Miller then made an application with the plaintiff finance company to purchase the note and chattel mortgage in question, and on the following Monday, February 8, 1960, Mr. Bean, manager of plaintiff’s office in Lake Charles, telephoned defendant to ask about her credit references and about her employment, earnings, debts, and other credit information. The uncontradicted testimony of Mrs. Walsh shows that on this occasion she informed the plaintiff that the furniture which had been ordered had not yet been delivered and that it probably would not arrive for six weeks.
According to plaintiff’s records, they purchased the note in question from Star Furniture on February 8, 1960. Their records do not indicate they were advised on February 8, 1960 that the furniture in question had not been delivered. Mr. Bean, the then manager of plaintiff’s Lake Charles office, and the person to whom Mrs. Walsh contends she spoke on the telephone, has since been transferred to plaintiff’s office in New Mexico and his testimony was not introduced into this record.
There is no dispute that the furniture, which was supposed to have been ordered by Mr. Miller, was never actually ordered *109 or delivered. Mrs. Walsh consequently refused to make any payments on the note, and this suit followed.
The first issue for determination by the court is whether plaintiff was a holder in due course, as defined in LSA-R.S. 7:52. Applicable here is LSA-R.S. 7:59 which reads as follows:
“Holders in due course; presumptions and burden of proof
“Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims, acquired the title as holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title.”
Our jurisprudence is well settled under LSA-R.S. 7:59 quoted above, that where the maker of a negotiable note establishes a failure of consideration, the burden is then upon the holder to prove that he is a holder in due course. Tolmas v. Norwood, 15 La.App. 492, 132 So. 148; Stevens v. Sonnier, 11 La.App. 398, 122 So. 894; Toms v. Nugent, et al., La.App., 12 So.2d 713; Commercial Credit Corporation v. Setliff, La.App., 44 So.2d 167; Credit Industrial Company v. Jewell, La.App., 58 So.2d 239; Foster v. Washington, La.App., 105 So.2d 741. In the instant case, after defendant proved that the Star Furniture had not delivered the furniture which was the consideration for this note, the burden was then on the plaintiff to prove that it was a holder in due course. In our opinion, plaintiff has failed in this burden of proof. No witness contradicted defendant’s testimony that on February 8, 1960, she advised Mr. Bean, the then manager of plaintiff’s Lake Charles office, that the furniture in question had not yet been delivered. According to the testimony of plaintiff’s own witnesses, it was their procedure to make these credit inquiries before they actually purchased a note, and their records show that they paid Miller for this note on February 8, 1960. It is therefore our conclusion that plaintiff has failed to prove that it is a holder in due course of the note in question.
In their brief filed in this court, plaintiff makes the further argument, that in any event, there was only a partial failure of consideration, in that defendant actually received the mattress and box springs which constitute a portion of the furniture listed in the chattel mortgage. This argument is without merit. The testimony of the defendant is uncontradicted that the $56.61 which she paid to Star Furniture in cash represented the value of the rubber mattress and box springs. Since the plaintiff here is not a holder in due -course, the defendant can urge against it all of the defenses which defendant could urge against Star Furniture, including her contention that the down payment represented the full value of the mattress and box springs. This contention she has proved as a matter of fact. The law is clear that, as against a person not a holder in due course, partial failure of consideration is a defense pro tanto. See Duvio v. Thomas, La.App., 95 So.2d 687; 10 C.J.S. 1150, Verbo Bills and Notes, Section 523; 7 Am.Jur. 943, Verbo Bills and Notes, Section 249. The note must therefore be credited with $56.51 which represents payment in full for the mattress and box springs.
For the reasons hereinabove set forth the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.